IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HETRONIC INTERNATIONAL, INC.,    )
                                 )
                     Plaintiff,  )
                                 )
vs.                              )        Case No. CIV-14-650-C
                                 )
HETRONIC GERMANY GMBH;           )
HYDRONIC-STEUERSYSTEME-GmbH;     )
ABI HOLDING GMBH;                )
ABITRON GERMANY GmbH;            )
ABITRON AUSTRIA GmbH; and        )
ALBERT FUCHS,                    )
                                 )
                     Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Defendants ABI Holding GmbH and Albert

Fuchs (Dkt. No. 70). The Motion has been fully briefed and is at issue.

## I. BACKGROUND

Hetronic International, Inc. ("Hetronic") designs and manufactures radio remote

controls for use in heavy industrial equipment. Hetronic Germany GmbH ("H-Germany")

and Hydronic-Steuersysteme-GmbH ("Hydronic"), both Defendants in this case, served as

Hetronic's distributer and assembler for Germany and a number of central eastern European

countries, respectively. The right for both H-Germany and Hydronic to assemble and

distribute Hetronic's radio remote controls was governed by a Distribution Agreement.

Plaintiff alleges that H-Germany and Hydronic materially breached the Distribution

Agreement causing Plaintiff to subsequently terminate the agreement. After the termination

of the Distribution Agreement, Fuchs (former CEO of Hydronic) incorporated ABI–sole

shareholder of Abitron–and also incorporated the Abitron entities and/or renamed the existing entities with the Abitron name. Plaintiff asserts contract and tort claims, including Lanham Act claims, against Defendants.

Defendants seek dismissal of all Plaintiff's claims based on a lack of personal jurisdiction. Plaintiff argues that Defendants have the necessary minimum contacts with the United States and Oklahoma, specifically, under Fed. R. Civ. P. 4(k)(2). Additionally, Defendants contend Plaintiff's eighth cause of action–conversion–is subject to dismissal because intangible property may not be the basis for a conversion claim under Oklahoma law.[*] Defendants also move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Lastly, Defendants argue that Fuchs and ABI are mere shareholders and no claim may be made against them under Oklahoma law.

## II.  STANDARD OF REVIEW- PERSONAL JURISDICTION

The plaintiff has the burden of establishing personal jurisdiction over a defendant. Benton v. Cameco Corp., 375 F.3d 1070, 1074 (10th Cir. 2004). The plaintiff need only make a prima facie showing of personal jurisdiction in situations where the district court does not first conduct an evidentiary hearing on the issue of personal jurisdiction. Id. The court must resolve all factual disputes in favor of the plaintiff when determining whether the plaintiff has established personal jurisdiction over the defendant. Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir. 1995). Further, the court will take "'as true all well-

---

[*] This Court has already ruled on the conversion claim (Dkt. No. 102) and there is no need to address it again.

pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff['s] complaint.'" Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011) (quoting Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008)).

Personal jurisdiction over a nonresident defendant must be proper under the laws of both the forum state and the Due Process Clause of the United States Constitution. Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1159 (10th Cir. 2010). Because Oklahoma's long-arm statute, 12 Okla. Stat. § 2004(F), "supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry." Shrader, 633 F.3d at 1239. The constitutional due process analysis requires the defendant to have sufficient minimum contacts with the forum state and for the exercise of personal jurisdiction over the defendant not to "offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). There are two ways to satisfy the "minimum contacts" test. If a defendant has continuous or systematic contacts with the forum state, the court may exercise general personal jurisdiction over the defendant. Shrader, 633 F.3d at 1239. Even if the court cannot exercise jurisdiction over a nonresident defendant generally, the court may assert specific jurisdiction "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal citations omitted).

If a foreign defendant does not have sufficient minimum contacts with one specific state to support personal jurisdiction, Fed. R. Civ. P. 4(k)(2) may apply. Plaintiff correctly

states that Fed. R. Civ. P. 4(k)(2) acts as a federal long-arm statute in situations when personal jurisdiction would be improper in a specific state.  When a claim arises under federal law, personal jurisdiction can be established over a defendant if, "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."  Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd., 842 F. Supp. 2d 1303, 1310 (D. Colo. 2012) (quoting Fed. R. Civ. P. 4(k)(2)).  When applying this Rule, a court has personal jurisdiction over a defendant if:  "(1) the plaintiff's claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction comports with due process."  Id.  In this case, Plaintiff has asserted a claim under federal law–the Lanham Act–and Defendants have failed to indicate another state in which personal jurisdiction would be proper.  Therefore, the only issue is whether the exercise of personal jurisdiction in Oklahoma over Defendants comports with due process.

Defendants argue jurisdiction in this Court is improper as Plaintiff has failed to demonstrate sufficient minimum contacts with Oklahoma and any such exercise of jurisdiction would offend "'traditional notions of fair play and substantial justice.'"  Int'l Shoe, 326 U.S. at 316.

## III.  PERSONAL JURISDICTION ANALYSIS

The parties agree that the Court lacks general jurisdiction over both Fuchs and ABI. Plaintiff, however, contends specific jurisdiction exists because the Defendants purposefully directed their activities at the United States and Plaintiff's injuries arise out of those activities.

### 1.  Fuchs

Plaintiff contends that Fuchs traveled to the United States to try to obtain certifications from the U.S. Federal Communications Commission ("FCC") which are necessary for the Abitron entities to sell products in the United States.  Fuchs also engaged a Massachusetts company to obtain the FCC certifications.  Further, Plaintiff alleges that Fuchs visited the United States to seek advice on how to compete with Hetronic.  Plaintiff further alleges that Fuchs traveled to Las Vegas, Nevada, to meet with Hetronic's former President, Torsten Rempe, to obtain assistance in competing with Hetronic, along with sending over twenty separate e-mail communications to Rempe.  Taking all of Plaintiff's facts as true, Fuchs has purposefully directed his activity at competition with Plaintiff in the United States, and has sufficient minimum contacts to be haled into court in the United States.

### 2.  ABI

Plaintiff states facts sufficient for this Court to assume personal jurisdiction over ABI. ABI purposefully availed itself to the United States when it filed a trademark application for the Abitron entities in the United States.  Further, ABI was a party to a Project Agreement

5

with a U.S.-based company (AZCS) owned by Rempe. The Agreement allegedly involved ABI seeking consulting services from AZCS, including market research, so that ABI could directly compete with Hetronic in the market. ABI also made payment to AZCS in the amount of $40,000. Taking all of Plaintiff's facts as true, ABI has purposefully directed its activity at competition in the United States, and has sufficient minimum contacts to be haled into court in the United States.

Although much of the allegedly fraudulent conduct by Fuchs and ABI occurred outside Oklahoma, applying Fed. R. Civ. P. 4(k)(2), Oklahoma has personal jurisdiction over both.

## IV.  12 Okla. Stat. § 682(B)

Fuchs alleges that Oklahoma law prohibits Plaintiff from bringing claims against him because he is a mere shareholder and/or officer of the potentially liable company. Section 682(B) of Title 12 of the Oklahoma Statutes provides:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

12 Okla. Stat. § 682(B).

Under this statute, a plaintiff has not asserted an individual claim against a shareholder, officer, or director where the claims against the shareholder, officer, or director

mirror those against the company; the complaint asserts the company is an alter-ego of the shareholder, officer, or director; and the complaint does not allege different conduct as between the company and the shareholder, officer, or director. ZHN, LLC v. Randy Miller, LLC, No. CIV-12-1289-M, 2015 WL 1033080, at *2 (W.D. Okla. March 9, 2015). Defendant argues that Plaintiff fails to assert specific wrongdoings committed by Fuchs, but instead couples all Defendants together as if acting in concert. However, on pages 42-43 of the First Amended Complaint, Plaintiff alleges that Fuchs "knowingly and systematically induced [the Abitron entities] to infringe the Hetronic Trademarks, the ERGO Trade Dress, the NOVA Trade Dress, and to designate falsely the origin of Abitron's products in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services."

Further, Plaintiff alleges that Fuchs formulated, designed, and directed the improper scheme to compete with Hetronic. Plaintiff also states that Fuchs met Rempe with the goal of receiving assistance in obtaining U.S. certifications. These certifications are needed by Fuchs to sell and distribute competing products in the United States market (the very products that are at issue in this case). Fuchs further met with a Massachusetts company to help in obtaining the FCC certification. Plaintiff also alleges that Fuchs actively participated in Abitron's incorporation as a means to unfairly compete with Hetronic. It is asserted that Fuchs had direct involvement in each Count asserted against him and each of these allegations are at the heart of Plaintiff's complaint. Because Plaintiff alleges Fuchs' direct involvement in each Count, the exception to 12 Okla. Stat. § 682(B) applies.

12 Okla. Stat. § 682(B) is not applicable for the claims brought by Plaintiff against ABI. Plaintiff is not bringing an alter ego or derivative action claim against ABI, but instead asserts that ABI, as a corporation, had direct participation in each alleged claim. The actions asserted by Plaintiff do not arise out of ABI acting as a shareholder or officer, but rather as a direct participant and corporation. As to whether Plaintiff can prove that ABI committed these alleged acts is for another point in the litigation process.

## V.  FAILURE TO STATE A CLAIM

Defendants assert that Plaintiff has failed to state a claim in Counts 3, 4, 5, and 7. The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations supporting each claim that the Defendants wish the Court to dismiss. The Court has measured Plaintiff's Complaint against the elements of each claim. Plaintiff provides enough factual allegations to nudge the claims across the line from conceivable to plausible. Plaintiff has successfully stated a claim on all Counts.

## VI.  CONTRIBUTORY TRADEMARK INFRINGEMENT

Lastly, Defendants argue that Plaintiff's contributory trademark infringement claim fails as a matter of law.  "Contributory infringement occurs when the defendant either (1) intentionally induces a third party to infringe on the plaintiff's mark or (2) enables a third party to infringe on the mark while knowing or having reason to know that the third party is infringing, yet failing to take reasonable remedial measures."  1-800 Contacts, Inc. v. Lens.com, Inc., 722 F.3d 1229, 1249 (10th Cir. 2013).  In order to satisfy a claim for contributory trademark infringement, it must first be established that there is some type of direct infringement by the third party.  Id.  Once direct infringement is proven, liability can be extended to include those who are aware of infringing acts and knowingly cooperate in the illegal activity.  Inwood Labs. Inc. v. Ives Labs., Inc., 456 U.S. 844, 853-854 (1982).  For example, as discussed in Inwood, if a manufacturer intentionally induces another to infringe a trademark, the manufacturer is "contributorially responsible for any harm done as a result of the deceit." 456 U.S. at 854.  On the other hand, a manufacturer is equally liable if it continues to supply its products to a third party which it has reason to know is engaging in infringing activities.  Id.

Defendants argue that Plaintiff's contributory trademark infringement claim must fail because Defendants cannot be both contributory infringers and the infringers.  Although true, it is too early in the litigation to make factual determinations as to who committed which portion of the infringing, if any.  Further, Fed. R. Civ. P. 8 allows for alternative pleading. Fed. R. Civ. P. 8(a)(3).  Under this rule, Plaintiff is allowed to bring both claims against

Fuchs and ABI with hopes that one survives. Because Plaintiff contends that Fuchs and ABI supplied H-Germany, Hydronic, and Abitron with the means by which they infringed Hetronic's Trademarks, thus inducing the other Defendants to infringe Hetronic's Trademark, Plaintiff has provided sufficient factual allegations to state a claim of contributory trademark infringement.

Defendants also argue that Plaintiff's claim fails because the theory of contributory trademark infringement only applies in cases involving manufacturers and distributors. The Tenth Circuit Court of Appeals has made clear that an action for contributory infringement is not solely limited to manufacturers. Procter & Gamble Co. v. Haugen, 317 F.3d 1121, 1128 (10th Cir. 2003). As Plaintiff correctly notes, although there have been numerous instances where courts have applied the contributory trademark infringement theory to manufacturers and distributors, the Court in Inwood "laid down no limiting principle that would require defendant to be a manufacturer or distributor." Fonovisa, Inc., v. Cherry Auction, Inc., 76 F.3d 259, 265 (9th Cir. 1996). For those reasons, Plaintiff's contributory trademark infringement claim stands.

## VII. CONCLUSION

Accordingly, Motion to Dismiss Defendants ABI Holding GmbH and Albert Fuchs (Dkt. No. 70) is DENIED.

IT IS SO ORDERED this 6th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge