IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HETRONIC INTERNATIONAL, INC., )
                                              )
                    Plaintiff, )
                                              )
vs. ) Case No. CIV-14-650-C
                                              )
HETRONIC GERMANY GMBH; )
HYDRONIC-STEUERSYSTEME-GmbH; )
ABI HOLDING GMBH; )
ABITRON GERMANY GmbH; )
ABITRON AUSTRIA GmbH; and )
ALBERT FUCHS, )
                                              )
                    Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Partial Motion to Dismiss Defendants Hetronic Germany and Hydronic-Steuersysteme (Dkt. No. 71). The Motion has been fully briefed and is at issue.

## I. BACKGROUND

Hetronic International, Inc. ("Hetronic") designs and manufactures radio remote controls for use in heavy industrial equipment. Hetronic Germany GmbH ("H-Germany") and Hydronic-Steuersysteme-GmbH ("Hydronic"), both Defendants in this case, served as Hetronic's distributer and assembler for Germany and a number of central eastern European countries, respectively. The right for both H-Germany and Hydronic to assemble and distribute Hetronic's radio remote controls was governed by a Distribution Agreement. Plaintiff alleges that H-Germany and Hydronic materially breached the Distribution Agreement causing Plaintiff to subsequently terminate the agreement. After the termination of the Distribution Agreement, Fuchs (former CEO of Hydronic) incorporated ABI–sole

shareholder of Abitron–and also incorporated the Abitron entities and/or renamed the existing entities with the Abitron name. Plaintiff asserts contract and tort claims, including Lanham Act claims, against Defendants.

Defendants seek dismissal of Plaintiff's Federal Trademark/Lanham Act claim. Additionally, Defendants contend Plaintiff's eighth cause of action–conversion–is subject to dismissal because intangible property may not be the basis for a conversion claim under Oklahoma law.[1] Defendants also move to dismiss Counts 3-6 under Fed. R. Civ. P. 12(b)(6). Lastly, Defendants argue that Plaintiff's contributory trademark infringement claim fails as a matter of law.[2]

## II.  ANALYSIS

Defendants asserts that Plaintiff has failed to state a claim on Counts 3-6. The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in

---

[1] This Court has already ruled on the conversion claim (Dkt. No. 102) and there is no need to address it again.

[2] This Court has already ruled on the contributory trademark infringement claim (Dkt. No. 123) and there is no need to address it again.

resolving Defendants' Motion is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss. Plaintiff provides enough factual allegations to nudge the claims across the line from conceivable to plausible. Plaintiff has successfully stated a claim on all Counts.

Defendants argue that because H-Germany's and Hydronic's actions did not occur in the United States, Plaintiff's Lanham Act claim (Count 3) must fail. Plaintiff correctly notes that the United States Supreme Court has held that the Lanham Act sometimes reaches extraterritorial conduct. Steele v. Bulova Watch Co., Inc., 344 U.S. 280, 286 (1952). The Defendants later concur with Plaintiff, on page 1 of Defendants' Reply, that Plaintiff's "legal proposition is correct," but that Plaintiff has not pleaded facts supporting a finding of impact from H-Germany's and Hydronic's actions in the United States. Defendants are challenging Plaintiff's ability to prove their claim rather than whether Plaintiff has enough facts sufficient to state a claim. This is not the function of a motion to dismiss.

Accordingly, the Partial Motion to Dismiss Defendants Hetronic Germany and Hydronic-Steuersysteme (Dkt. No. 71) is DENIED.

IT IS SO ORDERED this 6th day of November, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge