**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HETRONIC INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. CIV-14-650-F** |
| | ) | Hon. Stephen P. Friot |
| H-GERMANY GmbH; | ) | |
| HYDRONIC-STEUERSYSTEME-GmbH; | ) | **Jury Trial Demanded** |
| ABI HOLDING GmbH; | ) | |
| ABITRON GERMANY GmbH; | ) | |
| ABITRON AUSTRIA GmbH; and | ) | |
| ALBERT FUCHS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF HETRONIC INTERNATIONAL, INC.'S RESPONSE TO
DEFENDANTS' MOTION TO PARTIALLY EXCLUDE THE TESTIMONY OF
PLAINTIFF'S DAMAGES EXPERT BRYAN VAN UDEN**

## NATURE OF THE MATTER BEFORE THE COURT

Defendants' Motion to Partially Exclude the Testimony of Plaintiff's Damages Expert Bryan Van Uden ("Van Uden Daubert Motion") improperly seeks to exclude two aspects of Van Uden's calculation of the damages Hetronic International, Inc. ("Hetronic") incurred as a result of defendants' wrongdoing. *First*, defendants move to exclude the disgorgement of defendants' infringing sales of radio remote controls under the Lanham Act from Hetronic's calculation of damages, arguing that there is no Lanham Act jurisdiction over defendants' allegedly "foreign" sales of radio remote controls. *Second*, defendants seek to exclude the attorney fees that Hetronic incurred in a related lawsuit against Hetronic's former president, Torsten Rempe (the "*Rempe* lawsuit"), arguing that Hetronic's attorney fees spent pursuing Rempe are not recoverable under a "collateral litigation" theory. Hetronic has fully responded to the merits of these baseless claims in its briefing on the parties cross motions for summary judgment filed herewith.

The Court should deny defendants' Van Uden Daubert Motion because it is plainly a merits-based motion masquerading as a *Daubert* motion. The analysis under the *Daubert* standard focuses on whether the plaintiff has met its burden of establishing that an expert's opinions are relevant and reliable and should not—as defendants attempt to do here—supplant a trial on the merits. In fact, defendants made almost identical arguments in their Motion for Partial Summary Judgment ("Summary Judgment Motion") regarding jurisdiction under the Lanham Act and that Hetronic was not entitled to recover attorney fees that it spent in the *Rempe* lawsuit. (ECF No. 262 at 20-31, 45-53.)

Courts routinely reject motions like defendants' which improperly seek to challenge the merits of the case, as opposed to the expert's qualifications or methodology. In any event, as detailed in Hetronic's Brief in Opposition to Defendant's Motion for Summary Judgment ("Hetronic's Summary Judgment Response"), defendants' arguments on Lanham Act jurisdiction and attorney fees fail as matter of law. (ECF No. 269 at 23-50, 63-70.)

## BACKGROUND

Hetronic retained Van Uden to analyze Hetronic's damages in connection with Hetronic's breach of contract and Lanham Act claims against Hetronic Germany GmbH ("HG"), Hydronic-Steuersysteme-GMBH ("HCEE"), ABI Holding GmbH ("ABI"), Abitron Germany GmbH ("ABIG"), Abitron Austria GmbH ("ABIA"), and Albert Fuchs.

Van Uden's Supplemental Expert Report Regarding Damages (Jan. 19, 2018) calculated Hetronic's damages that are directly attributable to defendants' wrongful conduct, computing the total damages due to Hetronic as $43.3 million. (ECF No. 260-89 ¶ 5.) In particular, Van Uden calculated Hetronic's lost profits stemming from HG and HCEE's breach of the Distribution Agreements—that is, the amount of additional profits that Hetronic would have earned had HG and HCEE purchased parts from Hetronic instead of manufacturing and purchasing these parts from other suppliers in breach of the Distribution Agreements. (*Id*.) Van Uden also calculated Hetronic's out-of-pocket costs that would not have been necessary but for HG and HCEE's breaches. (*Id*.) Defendants' *Daubert* Motion does not object to these aspects of Van Uden's damages calculation.

Defendants' Van Uden *Daubert* Motion takes issue with only two facets of Van Uden's damages calculation. *First*, Van Uden calculated the amount of ill-gotten gains that defendants must disgorge under the Lanham Act, 15 U.S.C. § 1117(a), for their willful infringements upon Hetronic's trademarks and trade dress in connection with defendants' sales of systems containing counterfeit parts. (ECF No. 260-89 ¶¶ 19-23.) In reaching this calculation, Mr. Van Uden properly assumed defendants' liability had been established for all their infringing sales—a common and reasonable assumption for the purposes of a damages calculation. Nonetheless, defendants argue that Van Uden's damages opinion should be excluded because they are not liable on the merits for any ex-US sales activities irrespective of their substantial effect on US and Foreign commerce. (ECF No. 273 at 3-6.)

*Second*, Van Uden calculates the attorney fees incurred and paid by Hetronic in connection with the *Rempe Action* which Hetronic was required to file due to defendants' tortious conduct, including tortiously interfering with Rempe's employment contract. (ECF No. 260-88 ¶¶ 38, 43; *see also* ECF No. 269 at 63-72.) Van Uden calculates that Hetronic spent $5.3 million in attorneys' fees in the *Rempe Action*. (ECF No. 260-89 at Ex. 1.1R.) Defendants claim that Van Uden's opinion on the amount of attorney fees due to Hetronic related to the *Rempe Action* should also be excluded because such damages are not recoverable under a "collateral litigation" theory.

Defendants are wrong on both fronts, and in any event, their motion to exclude is an improper merits argument and should be denied.

## **ARGUMENT**

The Court should reject defendants' Van Uden *Daubert* Motion because defendants have not attempted to show, let alone prove, that Van Uden's opinions are irrelevant or unreliable pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993). Instead, defendants' Van Uden *Daubert* Motion is a nearly verbatim recitation of the flawed arguments on the merits that defendants made in their Summary Judgment Motion on Lanham Act jurisdiction and the recoverability of attorney fees connected to the *Rempe* lawsuit.

Defendants do not challenge the relevance of Van Uden's testimony under the Tenth Circuit's standard of whether his testimony relates to any issue in the case—that is, whether there is a "logical relationship between the evidence proffered and the material issue that evidence is supposed to support[.]" *Bitler v. A.O. Smith Corp*., 400 F.3d 1227, 1234 (10th Cir. 2004). Rather, defendants argue that Van Uden's opinions have insufficient bearing on Hetronic's damages because Hetronic's arguments for subject matter jurisdiction and for attorney fees in connection to the *Rempe* lawsuit fail on the merits. Moreover, defendants' Motion explicitly states that their arguments that attorney fees from the *Rempe* lawsuit are not recoverable was "briefed by defendants in All Defendants' Motion for Partial Summary Judgment (Docket Item No. 262) at pages 45-55." In fact, defendants then proceed to cut and paste the section of their Summary Judgment Motion on the ability of Hetronic to collect attorney fees from the *Rempe* lawsuit nearly word-for-word. (*Compare* ECF No. 262 at 47-55 *with* ECF No. 273 at 7-15.) Similarly, the Lanham Act section of defendants' Motion is little more than a condensed version of the exact same argument in

defendants' Summary Judgment Motion. (*Compare* ECF No. 262 at 20-28 *with* ECF No. 273 at 3-6.)

Defendants' arguments fail to provide a basis for excluding Van Uden's opinions on *Daubert* grounds. Although defendants purport to move to strike Van Uden's opinions on relevance grounds, their argument is actually an improper challenge to the merits of Van Uden's conclusions.

Defendants cited no case in which a court assessed the relevance of an expert's opinion by evaluating the merits of the expert's conclusions—which is unsurprising. It is axiomatic that "the *Daubert* analysis should not supplant trial on the merits." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *see also Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001). In *Maiz*, defendants challenged under *Daubert* the district court's refusal to limit the testimony of plaintiff's forensic accounting expert who offered "legal opinions regarding the effect of disputed provisions" of agreements at issue in the case. 253 F.3d at 666. The defendants argued that the expert's statements about the agreements did not "fit the facts because his own assumptions are based largely on the assumptions of others regarding the import of contract language and the applicable law." *Id.* at 667. The Court rejected the defendants' argument and held that, as part of opining on forensic accounting issues, the expert was "entitled to state reasonable assumptions regarding the requirements of the applicable contracts in order to put his opinions in context." *Id.* The Court continued that "although defendants challenge many of these assumptions as unfounded, that argument simply reflects their own view" and emphasized that such objections go to the weight of the expert's testimony. *Id. See also Aspen Highlands Skiing*

*Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1523-24 (10th Cir. 1984), *aff'd*, 472 U.S. 585 (1985) (internal citations omitted) (denying motion to exclude expert witness and stating that "the full burden of exploration of the facts and assumptions underlying the testimony of an expert witness is squarely on the shoulders of opposing counsel's cross-examination.")

Like the accounting expert in *Maiz*, Van Uden was permitted to assume that defendants were liable for all their infringing sales under the Lanham Act and that Hetronic is entitled to attorney fees related to the *Rempe* lawsuit. Even if defendants were not wrong about the applicable law—which they are—the Court's ruling on the parties' summary judgment briefs will determine the applicability of these damages. A *Daubert* motion on these issues is premature and is not the proper avenue by which to challenge the merits of Hetronic's claims. That defendants disagree with their liability for their infringing sales does not render Van Uden's conclusions irrelevant or inadmissible. *Daubert*, 509 U.S. at 595 (trial court should focus "solely on principles and methodology, not on the conclusions [experts] generate").

Moreover, the cases defendants cite in contending that Van Uden's opinions do not "fit" the damages issues in this case, *Graves v. Mazda Motor Corp.*, 675 F. Supp. 1082, 1090 (W.D. Okla. 2009) and *Bitler*, 400 F.3d at 1234, are inapposite. In neither case did the Court hold that the *Daubert* relevance criteria involve an examination of the merits of the underlying entitlement to damages. *See Graves*, 675 F. Supp. at 1096-1105; *Bitler*, 400 F.3d at 1232-1238. In fact, in *Graves*, while this Court excluded the expert witness's testimony about a design defect, it did not do so on relevance grounds, but instead because

the expert's methods were unreliable. 675 F. Supp. at 1105. The Court should therefore

deny defendants' Van Uden Daubert Motion.

In addition, as Hetronic demonstrated in its Summary Judgment Response,

defendants' arguments on the merits of Hetronic's entitlement to these damages are

incorrect as a matter of law. (*See* ECF No. 269 at 23-46, 61-70.) Indeed, defendants'

arguments about the scope of the Lanham Act have been rejected by numerous courts,

including in the very cases they cite. (ECF No. 269 at 23-25.) All of the courts acknowledge

that the reach of the Lanham Act is not defined by rigid geographic boundaries, but rather

is co-extensive with Congress' power to regulate commerce, including sales—like

defendants' infringing sales as foreign distributors of a U.S. company—that have an impact

on U.S. commerce. (*Id*. at 25-26.) Similarly, the case law is clear that Oklahoma still

recognizes the collateral litigation exception to the American Rule, which provides that

attorney fees are properly recoverable as an element of damages caused by defendants'

tortious conduct. (*Id.* at 63-65.)

## CONCLUSION

For the foregoing reasons, defendants' Motion to Partially Exclude the Testimony

of Plaintiff's Damages Expert Bryan Van Uden should be denied.


Respectfully submitted,

*/s/ John N. Hermes*
John N. Hermes. OBA # 4143
Philip R. Bruce, OBA #30504
MCAFEE & TAFT A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73102

Telephone:  (405) 235-9621
Facsimile:   (405) 235-0439
john.hermes@mcafeetaft.com
philip.bruce@mcafeetaft.com

and

Debbie L. Berman (*pro hac vice*)
Wade Thomson (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3546
Telephone:  (312) 222-9350
Facsimile:   (312) 840-7764
WThomson@jenner.com
DBerman@jenner.com

and

Sam R. Fulkerson, OBA # 14370
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
Telephone:  (405) 546-3751
Facsimile:  (405) 546-3775

and

Gianni P. Servodidio (*pro hac vice*)
JENNER&BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Email:  gservodidio@jenner.com

*Attorneys for Plaintiff*
*Hetronic International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2018, I electronically served the above document to the following counsel of record:

Anton J. Rupert
Geren T. Steiner
Rupert & Steiner, PLLC
14001 Quail Springs Parkway
Oklahoma City, OK 73134
tony@rupertsteinerlaw.com
geren@rupersteinerlaw.com

*ATTORNEYS FOR DEFENDANTS*

*/s John N. Hermes*
John N. Hermes