## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

HETRONIC INTERNATIONAL, )
INC., )
  )
      Plaintiff, )
  )    Case No. CIV-14-650-F
-vs- )
  )
HETRONIC GERMANY, GmbH, )
HYDRONIC STEUERSYSTEME )
GmbH, ABI HOLDING GmbH, )
ABITRON GERMANY GmbH, )
ABITRON AUSTRIA GmbH, and )
ALBERT FUCHS, )
  )
      Defendants. )

## ORDER

Before the court is Defendants' Daubert Motion to Partially Exclude the Testimony of Plaintiff's Damages Expert, Bryan Van Uden. Doc. no. 273.

Defendants move the court to exclude, as not "fit," the testimony of plaintiffs' damages expert, Bryan Van Uden, with respect to his calculation of damages for Lanham Act claims which include purely foreign sales by defendants. According to defendants, the court has no Lanham Act jurisdiction over purely foreign sales. In addition, defendants seek to exclude the testimony of Mr. Van Uden with respect to the recovery of $5.4 million in attorneys' fees incurred by plaintiff in the Torsten Rempe action as damages for plaintiff's four tort claims. Defendants claim that those attorneys' fees are not recoverable as damages for the alleged tort claims.

This court, in adjudicating defendants' motion for partial summary judgment, has rejected defendants' argument that the Lanham Act does not apply

extraterritorially to defendants' foreign sales.   The court has also rejected defendants' argument that the $5.4 million in attorneys' fees are not recoverable as damages on three of the four tort claims.   The court concluded that the attorneys' fees expended in the Rempe action may be recoverable as damages for the aiding and abetting breach of fiduciary duty, tortious interference with contract and civil conspiracy claims.   However, the court found that the attorneys' fees were not recoverable as a remedy on the conversion claim.

As this court stated in Graves v. Mazda Motor Corp., 675 F.Supp.2d 1082, 1090-1091 (W.D. Okla. 2009):

> The Supreme Court's decisions in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Kumho Tire Company, Ltd. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) establish a "gatekeeper" function for trial judges under Rule 702, Fed. R. Evid.  See also, Goebel v. Denver and Rio Grande Western R. Co., 215 F.3d 1083 at 1087 (10th Cir. 2000) (Goebel I).  The gatekeeper function "requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is scientifically valid and applicable to a particular set of facts."
>
> * * * *
>
>  "An essential component of the relevance evaluation is the determination of whether the proposed testimony fits the issues in the case.  In assessing "fit," as the Supreme Court called it, the court must determine whether the "expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  Daubert, 509 U.S. at 591, 113 S.Ct. 2786 [internal quotation marks omitted].

Based upon the court's rulings relating to defendants' motion for partial summary judgment, the court concludes that Mr. Van Uden's damages calculation involving defendants' purely foreign sales fits the Lanham Act claims.[1]  The court is also satisfied that Mr. Van Uden's testimony with respect to the $5.4 million in attorneys' fees fits the tort claims for aiding and abetting breach of fiduciary duty, tortious interference with contract, and civil conspiracy.

As to the conversion tort claim, the court concludes that Mr. Van Uden's testimony relating to attorneys' fees expended is not relevant to the claim. Therefore, Mr. Van Uden will not be permitted to testify as to the recovery of $5.4 million in attorneys' fees expended in the Rempe action as damages on the conversion claim.

Accordingly, Defendants' Daubert Motion to Partially Exclude the Testimony of Plaintiff's Damages Expert, Bryan Van Uden (doc. no. 273) is **GRANTED in part** and **DENIED in part**.  Defendants' motion is granted to the extent that plaintiffs' expert, Bryan Van Uden, will not be permitted to testify as to the recovery of the $5.4 million incurred in pursuing the civil action against Torsten Rempe as damages on plaintiffs' conversion claim.  Defendants' motion is denied in all other respects.

IT IS SO ORDERED this 22nd day of March, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p062.docx

---

[1] Given the court's prior rulings, the court finds it unnecessary to conduct an evidentiary hearing to perform its gatekeeping function.  The court is satisfied that it may rule based upon the parties' filings.