# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HETRONIC INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-14-650-F |
| HETRONIC GERMANY, GmbH, HYDRONIC STEUERSYSTEME GmbH, ABI HOLDING GmbH, ABITRON GERMANY GmbH, ABITRON AUSTRIA GmbH, and ALBERT FUCHS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER re: DEPOSITION DESIGNATIONS AND OTHER MATTERS

The court has reviewed most of the designations of deposition testimony for the purpose of ruling on objections to designated testimony. Those rulings will soon be communicated to counsel.

**General comments.**

Most of the objections will be overruled. But the court wishes to remind counsel that the fact that an objection has been overruled does not mean that it makes any sense, all things considered, to present all of the designated testimony. Much of the testimony which has been designated is of limited relevance or limited probative value even though it clears the low bar for

relevance under Rule 402.¹ And many of the questions and answers center on technical terms that will leave the jurors wondering what this line of questioning is really all about. This problem is compounded, of course, by the fact that this testimony will be presented via video (and much of that through interpreters). The court is indifferent to which side wins or loses this case, but the undersigned is convinced, having now read extensive testimony from numerous depositions (and having reviewed the trial briefs) that the side that prevails in this case may well be the side that pares its presentation down to a handful of *un*complicated factual propositions which lend themselves to comprehension by lay jurors when those jurors are given the benefit of understandable, noncumulative testimony. That is just a word to the wise.

The court does have an ulterior motive in making these suggestions. The ulterior motive is this: The undersigned, as the trial judge, is the only person in the courtroom with the responsibility to look out for the interests of the jurors. As will be explained in more detail at the pretrial conference on January 29, 2020, this means that the undersigned is sensitive to situations in which it appears that the jurors' time is not being put to good use (time put to "good use" being time spent listening to probative, non-cumulative testimony that might actually make a difference).

Trial judges are permitted to impose reasonable time limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence. United States v. Schneider, 594 F.3d 1219, 1228 (10th Cir. 2010) (quoting from Life Plus Int'l v. Brown, 317 F.3d

---

¹ Many of plaintiff's objections plainly disregard the court's carefully-explained conclusion (doc. no. 310, at 41, *et seq.*) that there are triable issues of fact as to the defenses of waiver and acquiescence.

799, 807 (8th Cir.2003)). *See also*, <u>Strickland Tower Maintenance, Inc. v. AT & T Communications, Inc.</u>, 128 F.3d 1422, 1430 (10th Cir.1997) (Time limits on presentation of case in chief and on cross examination. No abuse of discretion in the trial court's decision to time-limit the presentation of evidence in the interest of judicial administration). The court does not intend, as an initial matter, to impose time limits on the parties' presentations. The court's strong bias is in favor of deferring to the professional judgment of trial counsel in structuring their presentations. That said, counsel (and their clients) should understand that, if, in the judgment of the undersigned, it should become clearly necessary to do so, the court will impose and enforce time limits. The extent (and, in many instances, the nature) of the designated testimony gives the court serious concern. Counsel should govern themselves accordingly in planning their trial presentations. At the pretrial conference, the court will discuss the parties' estimates as to the length of their cases in chief.

**Contingent designations.**

In some instances, counsel have designated testimony to be presented in the event that an objection to designated testimony is overruled. The court has not reviewed the contingently-designated testimony and does not intend to do so unless that should become necessary. Counsel are **DIRECTED** to confer, not later than December 20, 2019, with a view to resolving any objections to contingently-designated testimony. (Obviously, any such objections should be communicated among counsel well before that date, but the court leaves the timing of that to counsel.) The court expects that, as a result of that conference, there will be few, if any, such objections remaining and requiring a ruling. If any such objections do require a ruling, the relevant portions of the transcript,

marked as required by the chambers procedures of the undersigned, shall be delivered to chambers not later than January 6, 2020.

**Other matters.**

At the motion hearing in this case on November 15, 2019, counsel shall be prepared to advise the court as to whether their clients are receptive to participating in a judicial settlement conference with United States Circuit Judge Robert E. Bacharach, who has agreed, subject to scheduling constraints, to conduct such a settlement conference in this case.

IT IS SO ORDERED this 8th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p074.docx