## COURTROOM MINUTE SHEET

DATE _____1-29-2020_____

CIVIL NO. _____CIV-14-650_____-F

Hetronic International, Inc. -vs- Hetronic Germany GmbH, et al.

COMMENCED _____1:30_____   ENDED ___2:40_____   TOTAL TIME _____1 hrs. 10 min._____

PROCEEDINGS _____Pretrial Conference_____

JUDGE STEPHEN P. FRIOT        DEPUTY LORI GRAY        REPORTER _____

PLF COUNSEL Sam Fulkerson, Debbie Berman, Wade Thomson_____

DFT COUNSEL Geren Steiner, Anton Rupert_____

The court holds an in-chambers, off-the-record pretrial conference with counsel.

The court covers its docket call announcements.

Lead counsel at trial must be counsel who appeared at the settlement conference.

Counsel are directed to carefully read the judge's chambers procedures, parts f and g.

No one at the counsel table may leave the well of the courtroom without leave of court

Parties are advised to be mindful of not wasting jury time.   Parties advised to always have their witnesses ready.

Witness lists – three copies to be given to courtroom deputy prior to jury selection.

Counsel advise that they exchanged live witness lists by January 15.   Counsel for plaintiff advises that most of plaintiff's main witnesses will be live.   Counsel for defendants advise that they will call at least three principals live at trial.   Defendants estimate 40-50 hours for their case in chief, including cross-examination.   Court does not, at this time, intend to impose time limits. The need for time limits will be assessed as the trial proceeds.

Court discusses with counsel the testimony to be presented by deposition.   Plaintiff's counsel provides a chart to the court.   By the end of the day on January 30, the court will rule on the issue of whether if designations are deleted, the counter-designations must be deleted.

Testimony presented by deposition:

1. If a written representation has been made that a witness will not be called as a live witness, and the testimony of that witness is, for that reason, presented by deposition, the court will require a showing of good cause to call the witness as a live witness at a later stage, and, in any event, will likely, under Rule 403, limit the scope and extent of the witness if the witness is permitted to give live testimony at all.   The court has broad discretion, subject to the explicit mandates of the

federal rules, to govern the use of depositions and to determine the order of trial in the interests of justice and fairness.   Gracia v. Lee, 976 F.2d 1344 (10th Cir. 1992).   The court may consider surprise to the opposing party in making these determinations.   Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404 (10th Cir. 1991).

2.  To the extent that the court must determine whether a witness is unavailable under the 100 mile rule of Rule 32(a)(4)(A), the 100 mile determination is to be made at the time a party proposes to call the witness.   Polys (by implication).

3.  In the interest of minimizing the extent to which testimony is presented by deposition, the court will rarely, if ever, limit the scope of cross examination to the matters covered on direct examination in this trial.   If a witness gives live testimony, the circumstances in which the court will, in its discretion, permit deposition testimony by that witness to be presented at a later stage of the trial will be very narrow.   *Cf.* Gracia.

4.  If a witness called live was also a Rule 30(b)(6) designee for a deposition of an entity, counsel would be well advised to cover all matters relating to the deposition and live testimony of that witness on cross examination of that live witness, rather than by presenting admissions via video.

5.  Deposition testimony of a live witness may be used for impeachment only while the live witness is on the stand.

6.  If deposition testimony which has been designated is preceded by an objection, the objection will not be deleted from the video presentation (or deposition read).

Plaintiff's counsel requests clarification as to which of defendants' witnesses will be called live versus via deposition.   The court and parties go through defendants' witness list, and defense counsel provides some clarification.   The **court states its firm expectation** that both sides will be as forthcoming as possible as to any changes after today on whether witnesses will be called live versus via deposition.

Exhibit lists – the court directs the parties to use the court's form for index of exhibits.

Exhibit notebooks – record copy for witness stand.

The court needs exhibits on thumb drives by February 5, as previously directed.

The same document will not be referred to by more than one exhibit number.   (Naming rights go to the first party to get the document into evidence.)

If an exhibit is not objected to in the pretrial report, it will not be objected to when it is offered at trial, even if the court routinely asks whether it is objected to.

The court advises that the parties' computer operators should do a dry run with their A/V presentation.

Prior to the playing of a video deposition, it is recommended that the exhibits that will be referred to during the video deposition be offered into evidence.   Witnesses testifying by deposition may not refer to the substantive content of exhibits which are not in evidence.   No exhibit may be published to the jury during the testimony of a witness if the exhibit has not been received in evidence.

If the parties use digital presentation of exhibits, the court expects that the parties' computer operators will remain available to show exhibits at the request of opposing counsel.

The parties provide to the court joint timeline that they have agreed to.   The court may give each juror a three-ring binder that includes a copy of the timeline.

The parties discuss with the court the block diagram that the court directed at the 11-15-19 hearing.

The parties are not to ask the court to certify experts as experts.

The parties will have approximately ten minutes (at most) to cover their experts' qualifications.   Can offer C.V. as exhibit even if not listed.

There will be no impeachment with off the cuff summary of deposition testimony.

There will be no reference in the hearing of the jury to discovery disputes or discovery compliance.

The parties shall tell opposing counsel what witnesses will be called before each session and when court is recessed for the day.

Rebuttal must be true rebuttal.

The parties will have 30 minutes per side for opening statements.

At some junctures during the trial, the court may give the parties an opportunity to provide brief summations of where the case stands from their perspective.   This should not be as argumentative as a closing argument.

The court will seat a jury of 10 with no designated alternates.   Sixteen will be qualified for cause.   Each side will have 3 peremptories.

At some point during the trial, counsel will be required to meet with the judge's law clerk regarding jury instructions and the verdict form.

Plaintiff estimates 2-3 weeks for its case in chief.   Defendants estimate 7-8 trial days for their case in chief.   The court expects counsel to be **constantly reassessing the length** of their intended presentations.   The court will avoid imposition of time limits if reasonably possible.

Parties agree that two days before opening statements, they will exchange demonstrative exhibits that will be used in opening statements, and they agree that they will exchange demonstratives for specific witnesses one day before testimony.

Defense counsel advises that if witnesses Fuchs and Krottenthaler testify live in defendants' case in chief, they will testify in German, with an interpreter.   The court will not require those witnesses to be produced for live testimony during plaintiff's case in chief.

Plaintiff's counsel requests that defense counsel advise as to whether the sales information for 2019 is complete.   Defense counsel will advise plaintiff's counsel by January 31 as to whether the 2019 sales information is complete.

Parties agree that they will exchange translations of documents not later than February 7.

14-0650x028 (pt conf).docx