## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HETRONIC INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-650-F |
| | ) | |
| HETRONIC GERMANY GmbH, | ) | |
| HYDRONIC-STEUERSYSTEME GmbH, | ) | |
| ABI HOLDING GmbH, | ) | |
| ABITRON GERMANY GmbH, | ) | |
| ABITRON AUSTRIA GmbH, and | ) | |
| ALBERT FUCHS, | ) | |
| | ) | |
| Defendants. | ) | |

## PERMANENT INJUNCTION ORDER

Before the court is Plaintiff Hetronic International, Inc.'s ("Hetronic") Motion for Entry of a Permanent Injunction and Brief in Support (doc. no. 423). The motion has been fully briefed by the parties. Arguments on the motion were heard by the court on April 7, 2020. Some matters relating to the scope of this injunctive order are addressed in a memorandum filed concurrently herewith. The essential facts upon which this injunction is based are recited below.

On October 19, 2016, plaintiff Hetronic filed its Second Amended Complaint against defendants Hetronic Germany GmbH ("Hetronic Germany"), Hydronic Steuersysteme GmbH ("HCEE"), ABI Holding GmbH ("ABI"), Abitron Germany GmbH ("Abitron Germany"), Abitron Austria GmbH ("Abitron Austria") and Albert Fuchs ("Fuchs") (collectively "defendants"), asserting claims for trademark infringement and contributory trademark infringement under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)(A); reverse passing off Under Section 1125(a)(1)(A);  unfair competition and false designation of origin

under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition, breach of fiduciary duty, tortious interference with contract, conversion, civil conspiracy, and breach of contract under Oklahoma law. Do. No. 163.

On March 2, 2020, after an eleven-day trial, the jury returned a verdict in favor of plaintiff Hetronic on all counts. Doc. no. 420. The jury also found that defendants' trademark infringement was willful. *Id.*

As to liability on plaintiff's claims, the contested factual issues which were submitted to the jury were resolved in favor of the plaintiff and against the defendants. The jury's verdicts on liability and related issues–such as willfulness–were well-supported by the evidence. Broadly speaking, the defendants have, for several years, intentionally exploited plaintiff's intellectual property and proprietary information in violation of the laws of the United States and the State of Oklahoma, and in violation of clearly-established contractual obligations. As to matters directly related to this order, the court finds:

1.    Plaintiff Hetronic is the owner of all rights with respect to the HETRONIC mark, the product marks for NOVA, ERGO, EURO, GL, GR, HH, MINI, Pocket, TG, and RX ("Product Marks") and distinctive trade dress for their products including the black and yellow color scheme and the design of the housings ("Trade Dress").[1] The evidence at trial clearly established the distinctiveness and non-functionality of the trade dress of the products at issue.

---

[1] As was set forth in the jury instructions (doc. no. 418), "trade dress" is a type of trademark used by a company to identify its product, to distinguish its products from those manufactured or sold by others, and to indicate the source of its product. The term "trade dress" refers to the total image of a product, product packaging, product label, product design, or a combination of these things. It includes features such as size, shape, color or color combinations, texture, graphics, or particular sales techniques.

2.      Plaintiff's HETRONIC Mark, Product Marks and Trade Dress are valid and protectable marks.

3.      Defendants Hetronic Germany, HCEE, ABI, and Fuchs have engaged in willful trademark and trade dress infringement, trademark counterfeiting, use of false designations of origin, and unfair competition in that defendants unlawfully distributed and/or marketed unauthorized copies of plaintiff Hetronic's products that infringe the HETRONIC Mark, Product Marks and Trade Dress.  Defendants' use of plaintiff Hetronic's HETRONIC Mark, Product Marks and Trade Dress has caused and is likely to cause confusion.  Hetronic did not consent to defendants' use of the HETRONIC Mark, the Product Marks and Trade Dress.

4.      That defendants Abitron Germany, Abitron Austria, ABI and Fuchs have engaged in willful trademark and trade dress infringement, reverse passing off, use of false designations of origin, and unfair competition.  Those defendants unlawfully distributed and/or marketed unauthorized copies of plaintiff Hetronic's products using the HETRONIC Mark, Product Marks and Trade Dress.  Their use of the HETRONIC Mark, Product Marks and Trade Dress has caused and is likely to cause confusion.  They have also, without Hetronic's consent, used the ABITRON trade name and mark on or in connection with their infringing product line in order to sow confusion in the marketplace and lead consumers to believe that Abitron Germany and Abitron Austria are affiliated with plaintiff Hetronic.

5.      Defendants Hetronic Germany, HCEE, ABI and Fuchs engaged in willful contributory trademark and trade dress infringement, in that these defendants intentionally caused or knowingly facilitated Abitron Germany's and Abitron Austria's direct infringement of plaintiff Hetronic's HETRONIC Mark, Product Marks and Trade Dress.

6.      The defendants engaged in unfair competition under Oklahoma law by unlawfully using plaintiff Hetronic's confidential information to compete unfairly

against it.   Hetronic Germany and HCEE had access to plaintiff Hetronic's confidential information by virtue of being them licensees and distributors.   They also unlawfully enticed Torsten Rempe, Hetronic's former president, to misappropriate confidential information, in violation of his duties to his employer. Hetronic Germany and HCEE improperly provided Hetronic's confidential information to defendants Abitron Germany and Abitron Austria in order to continue to compete unfairly against plaintiff Hetronic.

7.     That defendants have converted plaintiff Hetronic's specific, tangible property in violation of Oklahoma law, in that defendants Hetronic Germany and HCEE retained documents, digital storage devices, drawings, pricing and supplier information and schematics without plaintiff Hetronic's consent.   Hetronic Germany and HCEE provided Hetronic's property to defendants Abitron Germany and Abitron Austria.

8.     Defendants' acts have resulted, and still result, in confusion as to plaintiff Hetronic's marks and trade dress, which has caused plaintiff Hetronic to suffer irreparable injury to its reputation and goodwill.   These acts will continue to cause plaintiff Hetronic to suffer such irreparable injury.   Remedies available at law are inadequate to compensate it for these injuries.   Considering the balance of the hardships between plaintiff Hetronic and defendants, equitable relief by way of the injunctive relief set forth in this order is clearly warranted.   The threatened injuries to plaintiff Hetronic caused by defendants' infringing and unlawful acts outweigh any injury an injunction may cause defendants.   Defendants' intentional appropriation of plaintiff Hetronic's marks outweighs any such harm defendants may suffer.   Entry of a permanent injunction would be in the public interest of fair trade under the Lanham Act.

The court **HEREBY ORDERS** that pursuant to Federal Rule of Civil Procedure 65(d), 15 U.S.C. §§ 1116 and 28 USC 1651(a) and this court's inherent

equitable powers, defendants, their officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with defendants or any such  officers, agents, servants, employees, and attorneys are permanently enjoined and restrained from:

1.      Directly or indirectly using, infringing, contributing to the infringement, or inducing the infringement of plaintiff Hetronic's HETRONIC Mark, Product Marks or Trade Dress, or any reproduction, counterfeit, copy or colorable imitation thereof on or in connection with any products or services.

2.      Committing any acts calculated to cause purchasers to believe that defendants' products or services are authorized by, sponsored by, approved by, connected with, guaranteed by or distributed under the control and supervision of Plaintiff.

3.      Using plaintiff Hetronic's HETRONIC, Products Marks or Trade Dress or any variations or colorable imitations thereof on or in connection with any websites owned or operated directly or indirectly by defendants (or controlled by them), or in any email addresses, metatags, advertising keywords or through any other means intended to direct Internet traffic to any websites owned or operated directly or indirectly by defendants.

4.      Registering or filing an application to register the HETRONIC mark, Products Marks or Trade Dress or any variations or colorable imitations thereof in the United States Trademark Office, the European Union Intellectual Property Office or any other jurisdiction.

5.      Registering or filing an application to register the HETRONIC Mark or Product Marks or any variations or colorable imitations thereof as part of any domain names and/or using such domain names to redirect users to any websites owned or operated directly or indirectly by defendants.

6.     Otherwise infringing plaintiff Hetronic's HETRONIC Mark, Product Marks or Trade Dress or any variations or colorable imitations thereof and/or damaging plaintiff Hetronic's goodwill therein.

7.     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1)-(6).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 15 U.S.C. §§ 1116, 28 U.S.C. § 1651(a), and this court's inherent equitable powers, and in order to give practical effect to the permanent injunction, defendants shall turn over to plaintiff or its designated representative the following within twenty-one days of entry of this injunction:

1.     All advertising or promotional materials bearing in whole or in part the HETRONIC Mark, Product Marks or Trade Dress or any variations or colorable imitations thereof including all technical data sheets, sales brochures, catalogs, trade show displays and marketing kits;

2.     All existing inventory of products bearing any copies or colorable imitations of the HETRONIC Mark, Product Marks or Trade Dress;

3.     All plates, molds, drawings and designs enabling the production of any products that infringe the HETRONIC Mark, Product Marks or Trade Dress or any variations or colorable imitations thereof.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651(a), and this court's inherent equitable powers, and in order to give practical effect to the permanent injunction, Defendants shall return to Plaintiff within twenty-one days of entry of this permanent injunction any and all of plaintiff Hetronic's internal, confidential or proprietary information including, but not limited to, price lists, supplier information, product drawings, technical information and schematics received from plaintiff Hetronic, and any

materials containing any such Hetronic information that Rempe provided to defendants after he left plaintiff Hetronic.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), and this court's inherent equitable powers, and in order to give practical effect to the permanent injunction, defendants shall file a report to the court within thirty days of this Order documenting their turn over or return of all items required under this injunction to be turned over or returned to plaintiff Hetronic.

Further relief. The court has noted and carefully considered plaintiff's request for injunctive relief in addition to the relief granted in this order, specifically including (i) an order requiring defendants to notify their licensees, distributors, suppliers, partners, and customers, informing them that defendants are not related to Hetronic, that Hetronic is the owner of the HETRONIC mark and related intellectual property, that defendants do not and cannot sell genuine Hetronic products or parts, and that defendants have been enjoined from all further use of these marks and Trade Dress, (ii) an order prohibiting the use of the Abitron trademark or trade name, and (iii) an order appointing an independent monitor to oversee defendants' compliance with this injunction. The court declines, at this time, to grant that relief. In lieu of granting that relief, it is **ORDERED** that the defendants shall, not later than thirty days from the date of this order, file in this case a detailed statement of defendants' plans for (i) assuring that neither the general public nor any entities with which defendants transact business (or may desire to transact business) will associate the defendants or their products with plaintiff Hetronic or Hetronic products (or any Product Mark associated with those products), (ii) modification of the defendants' products to clearly differentiate the trade dress of those products from the trade dress of Hetronic products, and (iii) documenting defendants' compliance with this order. The detailed statement required by this paragraph may be filed over the signature of

defendants' counsel of record in this case, but will be taken by the court to constitute a direct representation to the court by the defendants.

Geographic scope of injunctive relief.  This order shall apply to the defendants and their activities both within and outside of the United States.

Enforcement and related matters.  The court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement, and/or modification of this permanent injunction.

Dated this 22nd day of April, 2020.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


14-0650p090.docx