IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HETRONIC INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-650-F |
| ) | |
| HETRONIC GERMANY GmbH, ) | |
| HYDRONIC-STEUERSYSTEME GmbH, ) | |
| ABI HOLDING GmbH, ) | |
| ABITRON GERMANY GmbH, ) | |
| ABITRON AUSTRIA GmbH, and ) | |
| ALBERT FUCHS, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Defendants, pursuant to Rule 62(c), Fed. R. Civ. P., move the court to stay the enforcement of the permanent injunction entered on April 22, 2020. Doc. no. 437. In the alternative, defendants request a short stay of the permanent injunction to permit defendants to seek an emergency stay from the Tenth Circuit. *Id*. Plaintiff objects to defendant's requested relief. Doc. no. 448.

Initially, the court finds that defendants' alternative request for a short stay is moot. Defendants filed their emergency motion for stay of the permanent injunction with the Tenth Circuit, which the appellate court denied on April 27, 2020. Doc. no. 445.

As to defendants' request for a stay of the permanent injunction, the court concludes that the request should be denied. Although defendants rely upon Rule 62(c), Fed. R. Civ. P., for their motion, it appears that, with the filing of defendants' notice of appeal,[1] Rule 62(d), Fed. R. Civ. P., applies. Rule 62(d) states that,

---

[1] *See*, doc. no. 440.

"[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend . . . an injunction on terms for bond or other terms that secure the opposing party's rights." A motion requesting relief under Rule 62(d) is evaluated using the traditional four-factor test applicable to motions to stay: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citing Rule 62(c), which after the 2018 Amendments to Rule 62 is Rule 62(d)); *see also*, Nken v. Holder, 556 U.S. 418, 434 (2009). The issuance of a stay is left to the court's discretion and the party requesting a stay bears the burden of showing that the circumstances justify the court's exercise of that discretion. Nken, 556 U.S. at 433-434.

To support the first factor, likelihood of success on the merits of their appeal, defendants have repeated arguments previously made, and rejected by this court, at trial and in granting the permanent injunction. The court concludes that defendants' arguments fall short of a "strong showing" of a likelihood of success on the merits. *See*, Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 264 F. Supp. 2d 484, 487 (S.D. Tex. 2002) (declining to address same arguments considered and rejected in granting preliminary injunction).

As to the second factor, defendants contend that compliance with the permanent injunction will destroy the Abitron defendants' businesses. Defendants maintain that the injunction covers the sale of the Abitron defendants' entire product line of radio remote control systems except the T-Series, which only accounts for 2.99 percent of defendant, Abitron Germany's sales and 5.4 percent of Abitron Austria's sales. It also covers the sales of spare parts for the radio remote control systems. According to defendants, the injunction will prevent them from satisfying

2

sales agreements with long-standing customers and from complying with warranties for products previously sold to customers.

The court has enjoined defendants from engaging in unlawful business operations. It concludes that the harm to defendants as a result of ceasing their wrongful infringement does not provide a persuasive basis for granting a stay. Any harm resulting from the fact that the defendants are precluded from selling their knock-off products to customers, including long-standing customers, is immaterial for present purposes. As stated by the Second Circuit in My-T Fine Corporation v. Samuels, 69 F.2d 76, 78 (2d Cir. 1934), "advantages built upon a deliberately plagiarized make-up do not seem to [the court] to give the borrower any standing to complain that [its] vested interests will be disturbed." In any event, the court notes that "[a] stay is not a matter of right, even if irreparable injury might otherwise result." Nken, 556 U.S. at 433 (quotation omitted).

With respect to the third factor, the court has previously determined that defendants' willful trademark and trade dress infringement has irreparably harmed plaintiff and would continue to do so absent injunctive relief. The issuance of a stay of the permanent injunction which enjoins defendants' wrongful conduct would substantially injure plaintiff. Defendants again argue that plaintiff failed at trial to present any evidence of lost sales because of defendants' conduct. However, as the court previously found, the evidence presented at trial supported the plaintiff's contention that the sales made by defendants in Europe could have been made by plaintiff but for defendant's infringing activity. Citing GTE Corp. v. Williams, 731 F.2d 676, 678-679 (10th Cir 1984), defendants further contend that plaintiff's delay until after trial to obtain any injunctive relief indicates a lack of irreparable harm. However, the court finds the GTE Corp. case is factually distinguishable from the case at bar and does not, in the court's view, preclude a finding that plaintiff would be substantially injured if a stay of the injunction were issued.

Lastly, as to the fourth factor, the court finds that the public interest (including a *public safety* interest, with respect to these products) in minimizing the likelihood of further customer confusion.  Although defendants argue that there is no interest in protecting against confusion of foreign customers, defendants sell, to foreign customers, infringing products that they know are destined for the United States.  They also exhibit infringing products to United States citizens at the international trade shows.  And the evidence at trial showed confusion in the United States marketplace.  Further, the jury found that defendants created a likelihood of consumer confusion when it found in favor plaintiff on its trademark infringement claims.  As stated by the Third Circuit, "[t]he concurrent use of a trademark where a likelihood of confusion exists damages the public interest."  Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City, 383 F.3d 110, 131 (3d Cir. 2004).

Upon consideration of the relevant factors, the court concludes that defendants have not satisfied their burden of showing circumstances warranting, in the discretion of the court, a stay of the permanent injunction.  The court further notes that it may stay an injunction only "on terms for bond or other terms that secure the opposing party's rights."  Rule 62(d), Fed. R. Civ. P.  Defendants have not proffered a willingness or an ability to procure a bond or provide other means of securing plaintiff's rights pending appeal.  For these reasons, the court concludes that a stay of the permanent injunction is not appropriate.

Accordingly, Defendants' Motion to Stay Enforcement of Permanent Injunction Pursuant to FRCP 62, (doc. no. 437), filed April 22, 2020, is **DENIED**.

Dated this 4th day of May, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p098.docx