# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HETRONIC INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-14-650-F |
| ) | |
| HETRONIC GERMANY GmbH, ) | |
| HYDRONIC-STEUERSYSTEME ) | |
| GmbH, ABI HOLDING GmbH, ) | |
| ABITRON GERMANY GmbH, ) | |
| ABITRON AUSTRIA GmbH, and ) | |
| ALBERT FUCHS, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On March 2, 2020, after an eleven-day trial, the jury returned a verdict in favor of plaintiff and against defendants on all of plaintiff's claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Oklahoma law and awarded plaintiff damages. The jury specifically awarded plaintiff actual damages of $5,360,832 on its state law tort claims. These damages were for fees incurred by plaintiff in the Rempe litigation[1] through September 30, 2017.

Subsequent to trial, plaintiff moved for entry of a permanent injunction. After review of the parties' briefs and consideration of the parties' oral arguments, the court entered an order granting permanent injunctive relief in favor of plaintiff and against defendants on April 22, 2020. That same day, the parties were directed to collaborate on the agreed form of a Rule 54 final judgment. If the parties were unable to agree on the form of a final judgment, they were to file their respective

---

[1] Hetronic International, Inc. v. Torsten Rempe, et al., Case No. CIV-14-787-F.

proposed forms of judgment, accompanied by supporting memoranda, by May 21, 2020.

The parties were unable to reach an agreement on a Rule 54 final judgment. On May 18, 2020, plaintiff submitted its own proposed final judgment and brief in support.  Doc. no. 454.  Defendants filed a notice on May 21, 2020, advising the court that they would not be submitting a proposed final judgment.  Doc. no. 460. Defendants represented that they could "not agree on any form of Rule 54 Judgment because it is Defendants' position that the Court exceeded its subject matter jurisdiction."  *Id*.  Defendants advised that they stood on their objections to plaintiff's proposed judgment as noted in plaintiff's brief and further stated that plaintiff was not entitled to prejudgment interest under 23 O.S. 2011 § 6 "because the sum awarded was not liquidated until the moment the jury entered the actual damage number of the verdict."  *Id*.

The court has considered plaintiff's brief and defendant's objections with respect to plaintiff's proposed final judgment.  Having done so, the court accepts plaintiff's proposed final judgment.  The court rejects defendants' position that the court has exceeded its subject matter jurisdiction or that it has no subject matter jurisdiction over defendants' foreign activities.  In addition, the court concludes that plaintiff is entitled to prejudgment interest under 23 O.S. 2011 § 6 and that plaintiff "shall" recover its "taxable" costs as provided by law.

As stated below, the court will include additional language in the final judgment.  The court concludes that the final judgment should include language to the effect that plaintiff is entitled to judgment on the counterclaims of defendants, Hetronic Germany, GmbH and Hydronic-Steuersysteme GmbH, for breach of contract for failure to give technical assistance, intentional interference with business relations, business slander and rescission.  The court also concludes that the

introductory paragraph to the final judgment should include language regarding the disposition of defendants' counterclaims.

Subject Matter Jurisdiction

Defendants object to the entry of any final judgment by the court and specifically object to plaintiff's proposed final judgment to the extent it states that the court "shall maintain jurisdiction over the . . . subject matter of this civil action for the purpose of interpreting and enforcing this Final Judgment." Doc. no. 454-1, ¶ 9; doc. no. 454-2, ECF p. 2. Defendants posit that the court has "exceeded its subject matter jurisdiction" and "has [no] subject matter jurisdiction over Defendants' foreign activities." Doc. no. 454-2, ECF p. 2.

At the outset, this court finds it has subject matter jurisdiction over this action pursuant to 15 U.S.C.§ 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 1332(a)(2).

Defendants, at the summary judgment stage and in opposition to the entry of a permanent injunction, challenged the extraterritorial application of the Lanham Act to their foreign sales. While defendants argued that the extraterritorial application of the Lanham Act relates to the court's subject matter jurisdiction, this court found that the issue "goes to the merits" of plaintiff's Lanham Act claims and not the court's subject matter jurisdiction. Doc. no. 311, ECF p. 8, doc. no. 435, ECF p. 3. Defendants have not cited any authority that causes the court to reconsider its ruling. The court rejects defendants' position that it has no subject matter jurisdiction to enter a final judgment relating to plaintiff's Lanham Act claims or that it has no authority to maintain jurisdiction over the subject matter of this action for the purpose of interpreting and enforcing the final judgment.

Prejudgment Interest

Next, defendants object to plaintiff's entitlement to prejudgment interest under 23 O.S. § 6 with respect to the state law tort claims. Defendants argue that § 6 does not apply "because Defendants were not debtors for the underlying obligation." Doc. no. 454-2, ECF p. 2. They also contend that plaintiff is not entitled to prejudgment interest "because the sum awarded was not liquidated until the moment the jury entered the actual damage number on the verdict form." Doc. no. 460.

As previously stated, the damages awarded for the state law tort claims were plaintiff's fees in the Rempe litigation, incurred through September 30, 2017. Under Oklahoma law, "where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or have placed [it] in such relation with others as to make it necessary for [it] to incur attorneys' fees to protect [its] interests, attorney fees [are] recoverable [] as one of the elements of damages flowing from the original wrongful act of the defendant." *See*, Barnes v. Oklahoma Farm Bureau Mut. Ins. Co., 11 P.3d 162, 181 (Okla. 2000) (citing Griffin v. Bredouw, 420 P.2d 546, 547 (Okla. 1966)); *see also*, Hetronic International, Inc. v. Rempe, 697 Fed. Appx. 589, 590 (10th Cir. 2017) ("Where the natural and proximate consequence of a wrongful act has been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation, together with compensation for attorney's fees.") (quoting Security State Bank of Comanche v. W.R. Johnston & Co., 228 P.2d 169, 173 (Okla. 1951)).

The court rejects defendants' argument that § 6 does not apply to plaintiff's tort claims because defendants were not debtors on the underlying obligation, *i.e.* the fees in the Rempe litigation. Section 6 provides:

> Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover is vested in him upon a particular day, is entitled

4

>also to recover interest thereon from that day, *except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt*.

23 O.S. § 6 (emphasis added). Although the emphasized phrase of the statute refers to "the debtor," the court agrees with plaintiff that the phrase is an exception to the rule stated that "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation" is entitled to prejudgment interest. Defendant has not cited, and the court has not found, any authority to support defendants' position that § 6 only applies to a debtor on the underlying obligation. Indeed, case law indicates otherwise. *See*, MCC Management of Naples, Inc. v. International Bancshares Corp., 468 Fed. Appx. 816, 829 (10th Cir. 2012) (Section 6 "allows an award of prejudgment interest to a prevailing party[.]") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

"Under § 6, 'prejudgment interest will not be allowed unless the amount of recovery is liquidated or capable of ascertainment by calculation or resort to well-established market values.'" Withrow v. Red Eagle Oil Co., 755 P.2d 622, 625 (Okla. 1988) (quoting Sandpiper North Apartments, Ltd. v. American Nat. Bank and Trust Co. of Shawnee, 680 P.2d 983, 993 (Okla. 1984)). Contrary to defendants' position,[2] the court concludes that the damages awarded by the jury were for a sum certain or capable of ascertainment by calculation. They were certain or capable of ascertainment by calculation as of October 1, 2017. Plaintiff sought only the fees incurred through September 2017. In this case, the jury was not required to weigh conflicting evidence and determine the amount due by way of fees incurred by plaintiff in the Rempe litigation. The damages figure remained unchanged from plaintiff's damages expert report in November 2017 to the jury verdict on March 2,

---

[2] The court notes that defendants do not cite any authority to support their position that plaintiff's damages were not liquidated.

2020. Defendants only contested the fact of liability for the fees. And unlike the fees in Yousuf v. Cohlmia, 741 F.3d 31, 47-48 (10th Cir. 2014) and U.S. v. Hardage, 985 F.2d 1427, 1438 (10th Cir. 1993), there was no required determination of reasonableness of the fees. The fact that this species of damages is subject, as a matter of law, to an overarching limitation of reasonableness does not make this claim a claim that is not certain or capable of being made certain by calculation. Therefore, the court concludes that plaintiff is entitled to prejudgment interest on the damages awarded for the state law tort claims.

Taxable Costs

Lastly, defendants object to plaintiff's proposed final judgment because it states: "Hetronic shall recover its costs, as provided by law." Doc. no. 454-1, ¶ 7. According to defendants, the cost statute, 28 U.S.C. § 1920, uses permissive language rather than mandatory language. Doc. no. 454-2, ECF p. 2. Consequently, defendants contend that the final judgment should state: "Hetronic may recover its costs, as provided by law."

Section 1920 specifies what costs are taxable in federal court.[3] Rule 54(d)(1), Fed. R. Civ. P., which also addresses costs, provides that costs, other than attorney's fees, "should be allowed to the prevailing party." Under Tenth Circuit precedent, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." In re Williams Securities Litigation-WCG Subclass, 558 F.3d 1144, 1147 (10th Cir. 2009); *see also*, Marx v. General Revenue Corp., 568 U.S. 371, 377 (2013) ("As the Tenth Circuit correctly recognized, Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.").

---

[3] Section 1920 "enumerates six categories of costs that may be taxed: (1) clerk and marshal fees, (2) fees for 'recorded transcripts necessarily obtained for use in the case," (3) expenses for printing and witnesses, (4) expenses for exemplification and necessary copies, (5) docket fees, and (6) compensation of interpreters and court-appointed experts." Stender v. Archstone-Smith Operating Trust, 958 F.3d 938 (10th Cir. 2020).

6

"Notwithstanding the presumption, the word 'should' makes clear the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx, 568 U.S. at 377. The district court, however, "must provide a valid reason" for denying costs. In re Williams Securities Litigation-WCG Subclass, 558 F.3d at 1147; *see also*, Klein v. Grynberg, 44 F.3d 1497, 1507 (10th Cir. 1995) ("there must be some apparent reason to penalize the prevailing party if costs are to be denied"). Here, defendants have not proffered any reason for this court to penalize plaintiff by denying costs.

Plaintiff's language in the proposed final judgment follows examples of prior judgments entered by the court. In this case, the court sees no reason to deviate from using the word "shall." The court, however, will add the word "taxable" to clarify that plaintiff shall recover "its taxable costs, as provided by law." Of course, plaintiff, as prevailing party, will "bear[] the burden of establishing the amount of costs to which it is entitled." In re Williams Securities Litigation-WCG Subclass, 558 F.3d at 1148. And Tenth Circuit precedent establishes that the amount requested must be reasonable. *Id*.

Counterclaims

During the proceedings, defendants, Hetronic Germany GmbH, and Hydronic-Steuersysteme GmbH, alleged several counterclaims against plaintiff. Specifically, defendants alleged that (1) plaintiff breached the parties' contracts (the distribution and assembling partner agreements), by improperly terminating those contracts (failing to give 30-day cure period); (2) plaintiff breached the parties' contracts (the distribution and assembling partner agreements) by ignoring plaintiff's acquiescence to, and explicit approval of, defendants' alleged wrongful conduct; (3) plaintiff interfered with defendants' business relations and slandered their businesses by contacting third-party customers and knowingly making false statements to those customers to the effect that defendants had violated the parties'

agreements, the parties' agreements had been terminated and defendants had engaged in a scheme or other wrongful conduct against plaintiff; and (4) the distribution and assembling partner agreements were illusory contracts for which defendants were entitled to rescission. Defendant, Hetronic Germany GmbH, additionally alleged that plaintiff breached the parties' contract (the distribution and assembling partner agreement) by failing to give technical assistance as required by the contract.

Prior to trial, plaintiff moved for summary judgment on the counterclaims. Doc. no. 259. The court granted summary judgment on all counterclaims except the breach of contract counterclaims for improper termination (failure to give 30-day cure period) and acquiescence in conduct. Doc. no. 310. During trial, defendants dismissed with prejudice the remaining breach of contract counterclaims. Doc. no. 415.

The court concludes that the final judgment should reflect that judgment is entered in favor of plaintiff and against defendants on the counterclaims for which partial summary judgment was previously granted by the court. The court also concludes that the introductory paragraph of the final judgment should reflect the disposition of all the counterclaims.

Conclusion

Based upon the foregoing, the court accepts plaintiff's proposed final judgment, with the additional language as described in this order. The final judgment shall issue forthwith.

IT IS SO ORDERED this 29th day of May, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p0102a.docx