**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HETRONIC INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-14-650-F |
| HETRONIC GERMANY GmbH, HYDRONIC-STEUERSYSTEME GmbH, ABI HOLDING GmbH, ABITRON GERMANY GmbH, ABITRON AUSTRIA GmbH, and ALBERT FUCHS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On April 29, 2020, plaintiff, Hetronic International, Inc., filed a Motion to Require Defendants to Show Cause for Violating the Permanent Injunction (doc. no. 446). The motion has been fully briefed by the parties. Arguments on the motion were heard by the court on May 29, 2020. At the hearing, the court granted plaintiff's motion, found defendants, Abitron Germany GmbH, Abitron Austria GmbH, ABI Holding GmbH and Albert Fuchs, to be in civil contempt of the court's April 22, 2020 permanent injunction order, and imposed, jointly and severally, against those defendants, a coercive penalty, the penalty to cease at such time defendants bring themselves in compliance with the permanent injunction. The court advised that a written order would follow. This order memorializes the court's ruling.

<u>Background</u>

On March 2, 2020, after an eleven-day trial, the jury returned a verdict in plaintiff's favor, finding that defendants had engaged in willful trademark infringement and other wrongful conduct. Doc. no. 420. Thereafter, Hetronic filed a motion for

permanent injunction.  Doc. no. 423.  After briefing and argument, the court entered a permanent injunction order on April 22, 2020 permanently enjoining and restraining defendants, among other things, from using plaintiff's "HETRONIC, Product Marks or Trade Dress or any variations or colorable imitations thereof on or in connection with any websites owned or operated directly or indirectly by defendants (or controlled by them)."  Doc. no. 434, ECF p. 5, ¶ 3.

That same day, defendants filed a motion to stay enforcement of the permanent injunction.  Doc. no. 437.  Defendants also requested an expedited ruling on their motion, which the court denied.  Doc. nos. 438 and 439.  Shortly thereafter, defendants filed with the Tenth Circuit an emergency motion to stay the injunction.  On April 27, 2020, the Tenth Circuit denied the motion without prejudice to renewing if the court denied their motion.  Doc. no. 445.

During the pendency of the emergency motion before the Tenth Circuit, defendants took down the Abitron website on which they had been selling infringing products.  The day after the Tenth Circuit's ruling, plaintiff discovered that defendants had reinstated the prior Abitron website which included selling infringing products.  Plaintiff's counsel contacted defendants' counsel by email demanding that defendants "cease and desist violating the permanent injunction by offering for sale infringing products" and provide an "explanation why the prior website has been reinstated" no later than noon on April 29, 2020.  Doc. no. 446-2.  Defense counsel advised they would look into the allegations and get back with plaintiff's counsel.   In the afternoon of April 29th, defense counsel advised that they had no response to the inquiry.  *Id*.  On that same day, Hetronic filed the instant motion.  The court promptly set the motion for hearing.  Doc. no.  447.

Subsequently, on May 4, 2020, plaintiff responded to defendants' motion to stay enforcement of the permanent injunction.  Doc. no. 448.  That same day, the court entered an order denying defendants' motion to stay enforcement of the permanent

injunction.  Doc. no. 449.  Defendants did not renew their stay motion with the Tenth Circuit prior to the court's May 29, 2020 hearing.

On May 12, 2020, defendants filed a notice to the court concerning the permanent injunction order.  Doc. no. 453.  Along with the notice, defendants submitted the Declaration of Reimer Bulling which reported defendants' activities relating to the injunction.  Mr. Bulling reported that defendants had "geoblocked" their websites, since May 8, 2020, so that they were not accessible to any person in the United States, had taken steps to cancel their registrations of the "GR" and "GL" trademarks in the United States and the that Abitron entities were not using the "HETRONIC" name in any way or kind for the benefit of their business. He also reported that defendants had sought and obtained counsel in Germany and Austria regarding German and Austrian law and that defendants have concluded that the injunction is not enforceable in Germany until declared so by a German court and is not enforceable in Austria at all.  Doc. no. 453-1, ¶ 8.  Further, he reported that "perceiv[ing] their choices as business suicide or survival," defendants have "decided to opt for survival" and "continu[e] business in Germany and Austria." *Id*. at ¶ 9.

Discussion

I.

"The district court has 'inherent power to enforce compliance with [its] lawful orders through civil contempt.'" Acosta v. Paragon Contractors Corporation, 884 F.3d 1225, 1238 (10th Cir. 2018) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)).  "In exercising this power, the court enjoys broad discretion." *Id*. (citing Rodriguez v. IBP, Inc., 243 F.3d 1221, 1231 (10th Cir. 2001)).

The plaintiff, in a civil contempt proceeding, has the initial burden of proving, by clear and convincing evidence, "that a valid order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." Reliance Ins. Co. v. Mast Const. Co., 159 F.3d 1311, 1315 (10th Cir. 1998) (citing Roe v. Operation

Rescue, 54 F.3d 133, 137 (3d Cir. 1995)).  Plaintiff need not show "wilfulness" on defendant's part.  "The absence of wilfulness does not relieve [the defendant] from civil contempt."  McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).  Because the purpose of civil contempt is remedial, "it matters not with what intent the defendant did the prohibited act."  Id.

The court finds that plaintiff's proof of contempt as to defendants, Abitron Germany, GmbH, Abitron Austria GmbH, ABI Holding GmbH and Albert Fuchs, is clear and convincing.  A valid order exists.  The court entered a permanent injunction order on April 22, 2020.  As stated, the order enjoined and restrained defendants, in pertinent part, from using plaintiff's "HETRONIC, Product Marks or Trade Dress or any variations or colorable imitations thereof on or in connection with any websites owned or operated directly or indirectly by defendants (or controlled by them)."  Doc. no. 434, ECF p. 5, ¶ 3.  Defendants had knowledge of the injunction and all its requirements.  Indeed, they filed motions with both this court and the Tenth Circuit seeking to stay enforcement of the permanent injunction.  Further, defendants have disobeyed the order.  They concede they are using the Abitron website to sell infringing products in Germany and Austria.

As plaintiff met its initial showing, the burden shifts to defendants to "show that [they] had complied with the order or that [they] could not comply with it."  United States v. Ford, 514 F.3d 1047, 1051 (10ᵗʰ Cir. 2008).  Defendants have not shown compliance with the order or that their compliance is impossible.  Although defendants opine that it would be "business suicide" to comply with the order in Germany and Austria, the order does not preclude the defendants from conducting their businesses.  As relevant to the present motion, it only precludes them from selling their infringing products.  Defendants are free to change the color and shape of the infringing products.  The injunction does not prohibit the defendants from engaging in the radio remote

control business. Thus, defendants have the ability to comply with the court's order. They simply have opted not to comply.

In sum, the court finds that defendants, Abitron Germany GmbH, Abitron Austria GmbH, ABI Holding GmbH and Albert Fuchs, to be in civil contempt of the court's April 22, 2020 permanent injunction order. The court does not find defendant, Hetronic Germany GmbH, or defendant, Hydronic-Steuersysteme GmbH, to be in civil contempt.

II.

Sanctions for civil contempt "may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . .; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]" O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting Shuffler v. Heritage Bank, 720 F.2d 1141, 1147 (9th Cir. 1983), citing Shillitani, 384 U.S. at 370-371 and Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 448-449 (1911)). In its motion, plaintiff requests the court to employ sanctions in the form of compensatory damages (disgorgement of defendants' profits). It also requests an award of attorneys' fees and expenses incurred in prosecuting the civil contempt motion. After consideration of the briefing and argument, the court finds that, at this juncture, sanctions should be only be employed to coerce obedience to the court's permanent injunction order.

"Where the purpose of the sanction is 'coercive,' the court must consider 'the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" O'Connor, 972 F.2d at 1211 (quoting United States v. United Mine Workers, 330 U.S. 258, 304 (1947)). The "court must exercise 'the least possible power adequate to the end proposed.'" O'Connor, 972 F.2d at 1211 (quoting Spallone v. United States, 493 U.S. 265, 280 (1990)). "To be consistent with these principles, coercive civil sanctions

5

may only continue 'until terminated by compliance.'" <u>O'Connor</u>, 972 F.2d at 1211 (quoting <u>U.S. v. Professional Air Traffic Controllers Organization, Local 504</u>, 703 F.2d 443, 445 (10th Cir. 1983). "Thus, the sanctioned party must be able to immediately end the sanction by complying with the court order." <u>Acosta</u>, 884 F.3d at 1239.

Upon consideration of the above-stated principles, the court imposes the following coercive penalty for defendants' civil contempt:

$10,000 per day from May 30, 2020 to June 30, 2020, inclusive.

$15,000 per day from July 1, 2020 to July 31, 2020, inclusive.

$20,000 per day from and after August 1, 2020.

Liability for the coercive penalty is joint and several. The accrual of the penalty will cease at such time as the defendants bring themselves into compliance with the permanent injunction order. If defendants bring themselves into compliance with the permanent injunction order before June 30, 2020, the court will entertain a motion for remission of the accrued and unpaid penalty.

The court's ruling is without prejudice to consideration of other relief, depending on the degree of compliance by the defendants.

III.

In its reply and at the hearing, plaintiff requested the court not only to enter an order of contempt, but also enlarge the permanent injunction order "to add the two sections of [plaintiff's] draft injunction that the Court provisionally denied: (a) prohibiting defendants from using the 'Abitron' name due to the confusion they sowed between the two companies; and (b) requiring defendants to provide corrective [advertising] to their licensees, distributors, suppliers, partners, and customers informing them that defendants are not connected in any way to [plaintiff]." Doc. no. 461, ECF p. 3. The court, however, declines to grant this requested relief. The requested relief was raised for the first time in reply. Further, the court is not persuaded that the requested relief at this time. As the court has previously made clear on more

than one occasion in this case, the court is of the opinion that, sitting as a court of equity, it should grant carefully calibrated relief, in the hope that more destructive forms of relief will not become necessary.

Conclusion

Based upon the foregoing, Plaintiff's Motion to Require Defendants to Show Cause for Violating the Permanent Injunction (doc. no. 446) is **GRANTED**.

As stated in the order, the court **FINDS** that the following defendants to be in civil contempt of the court's April 22, 2020 permanent injunction order: Abitron Germany GmbH, Abitron Austria GmbH, ABI Holding GmbH and Albert Fuchs. The court does not find either defendant, Hetronic Germany GmbH, or defendant, Hydronic-Steuersysteme GmbH, to be in civil contempt.

The court **ORDERS** imposition of the following coercive penalty for defendants' civil contempt of the April 22, 2020 permanent injunction order:

$10,000 per day from May 30, 2020 to June 30, 2020, inclusive.

$15,000 per day from July 1, 2020 to July 31, 2020, inclusive.

$20,000 per day from and after August 1, 2020.

The relief imposed against the civil contempt defendants is joint and several. The accrual of the penalty will cease at such time as the defendants bring themselves into compliance with the permanent injunction. If defendants bring themselves into compliance with the injunction before June 30, 2020, the court will entertain a motion for remission of the accrued and unpaid penalty.

The court's ruling is without prejudice to consideration of other relief, depending on the degree of compliance by the defendants.

IT IS SO ORDERED this 2nd day of June, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p103.docx

7