**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HETRONIC INTERNATIONAL, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-14-650-F |
| | ) | |
| HETRONIC GERMANY, GmbH, | ) | |
| HYDRONIC STEUERSYSTEME | ) | |
| GmbH, ABI HOLDING GmbH, | ) | |
| ABITRON GERMANY GmbH, | ) | |
| ABITRON AUSTRIA GmbH, and | ) | |
| ALBERT FUCHS, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This matter comes before the court upon Defendants' Motion to Review Clerk of Court's Bill of Costs (doc. no. 493), filed December 3, 2020. Upon due consideration of the parties' submissions, the court finds that defendants' motion should be denied.

I.

Defendants object to the copying costs awarded by the clerk in the amount of $34,861.46.[1]

Plaintiff requested $113,342.42 for copying costs. In its papers, plaintiff asserted that the "vast majority" of copying costs were associated with copies of trial

---

[1] The clerk awarded the sum of $72,723.18 for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Doc. no. 492, p. 1. Of that total, $37,861.72 was for fees for exemplification. The remainder was for copying costs.

exhibits.  Doc. no. 467, p. 7 and ex. 2 to doc. no. 467, ¶ 18.  Indeed, the court had ordered at the pretrial conference "Exhibit notebooks – record copy for witness stand."  Doc. no. 383, p. 2.  Plaintiff asserted that the other copying costs were for "trial notebooks, witness prep materials, jury instructions and other papers related to trial-all needed for trial."  Doc. no. 467, p. 7 and ex. 2 to doc. no. 467, ¶ 18.

Defendants objected to the copying costs, arguing plaintiff's request for "witness prep materials" and "other papers related to trial" was vague and those cost categories were not contemplated by 28 U.S.C. § 1920(4).  Additionally, defendants argued that plaintiff failed to meet its burden to recover any copying costs because the invoice submitted in support of the copying costs request did not distinguish between the recoverable costs (trial exhibits) and unrecoverable costs (witness prep materials and other papers related to trial).

In reaching her decision to award copying costs, the clerk stated:

> Rather than disallow plaintiff's copying costs in their entirety, the undersigned has calculated all of plaintiff's copying costs at the rate for black-and-white prints ($.15/page).  This reduction adequately accounts for plaintiff's failure to delineate the actual number of trial exhibits versus other copies and its failure to justify making color copies.  The undersigned also disallows the costs of exhibit tabs and three-ring binders; these are not copying costs within the meaning of the statute.  As defendants did not object to the costs incurred for creating the joint timeline, the $37,861.72 sought for this demonstrative exhibit—including the graphic design fees—is allowed . . . The total allowed costs for copying and exemplification is therefore $72,723.18.

Doc. no. 492, p. 4.

In their objection, defendants argue that the clerk's "admittedly creative solution" of allowing the cost of black and white copies rather than color copies "does not solve the problem that the requested costs are unrecoverable by statute.

Whether 'witness prep materials' are in black and white or in color, they are not recoverable under 28 U.S.C. § 1920(4)." Doc. no. 493, pp. 1 and 2. Defendants contend that plaintiff does not carry its burden to recover any copying costs by submitting an invoice, which does not identify whether the copying was for "exhibits, witness 'prep material,' or 'other papers related to trial.'" *Id*. at p. 2. Thus, defendants request the court to disallow all copying costs in their entirety.

As to the copying costs taxed, $34,861,46, the court concludes that those costs are recoverable. The costs of making copies are recoverable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "[T]he burden of justifying copy costs is not 'a high one'" and "[a]ll a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'" In re Williams Sec. Litig. WCG Subclass, 558 F.3d 1144, 1149 (10th Cir. 2009). "[A] description of each copy, replete with an explication of its use, is not necessarily required to satisfy [the prevailing party's] burden." *Id*. The court concludes that plaintiff, in its papers, has sufficiently demonstrated the copies made were reasonably necessary for use in the case. Indeed, the invoice submitted by plaintiff states that the copies were for "Trial notebooks and during trial prints." Ex. 5 to doc. no. 467, p. 2. The court is satisfied that the assessment of costs for all copies made, at the rate of black and white prints -- $0.15 per page,[2] was proper.

## II.

Next, defendants object to the transcript costs awarded by the clerk in the amount of $124,715.70.

Defendants represent that of 57 depositions taken in the case, only 16 depositions were used at trial. Defendants posit that plaintiff failed to explain how

---

[2] Plaintiff has not objected to the clerk's assessment of copying costs at the rate for black and white prints.

the remaining 41 transcripts were "used (at trial or otherwise.)"  Doc. no. 493, p. 3
According to defendants, plaintiff must show some necessary use of each transcript
to recover its cost.  Defendants argue that "[t]o the extent costs are awarded for
transcripts pursuant to 28 U.S.C. § 1920(2), the costs should be limited to the 16
transcripts and video used at trial, plus the costs of the interpreter for the 8 foreign
witnesses who testified at trial by deposition."  Doc. no. 493, pp. 3 and 4.

In response, plaintiff asserts that defendant misrepresents the facts.  While 16
witnesses were called to testify at trial via deposition, plaintiff states that those
witnesses accounted for 35 depositions for which recovery of its costs are sought.
Plaintiff states there were more transcripts, than witnesses, because some of the
witnesses used translators and were deposed for more than one day or testified both
in their personal capacity and as corporate representatives.  Plaintiff contends that
defendants, in their motion, effectively concede the costs for those 35 transcripts
were necessarily obtained, as they were used for trial.  Plaintiff states that as to the
other 11 deposition transcripts for which it seeks recovery of costs, 7 of those
deposition transcripts were for 5 witnesses called live at trial and the remaining 4
deposition transcripts were for 4 of its employees, who were deposed by defendants
and listed on their witness list in the Final (Amended) Pretrial Report (doc. no. 396).

Under section 1920, costs are recoverable for "[f]ees for printed or
electronically recorded transcripts necessarily obtained for use in the case."  28
U.S.C. § 1920(2).  "There is no requirement that a deposition . . . actually be used,
rather it must be necessarily obtained for use in the case.  In re Williams Securities
Litigation WCG Subclass, Case No. 02-CV-72-SPF-FHM, 2007 WL 9718860, at *4
(N.D. Okla. Dec. 6, 2007).  In addition, "[a]s long as the taking of the deposition
appeared to be reasonably necessary at the time it was taken, barring other
appropriate reasons for denial, the taxing of such costs should be approved." *Id.*
(quoting Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002)).

Upon review, the court concludes that plaintiff sufficiently demonstrated the subject depositions were necessarily obtained for use in this case. Assessment of transcript costs in the amount of $124,715.70 was appropriate.

### III.

Lastly, defendants object to the "Other costs" awarded by the clerk in the amount of $43,477.25. These "Other costs" defendants state are for "trial technology." Defendants argue that these costs are not recoverable because they are not identified as recoverable in 28 U.S.C. § 1920.

Plaintiff responds that defendants mischaracterize the costs the clerk allowed. Plaintiff states the clerk taxed "costs incurred for preparing video depositions for use at trial []." Doc. no. 494, p. 7 (quoting doc. no. 492, p. 4). These costs, plaintiff posits, are taxable.

The court concurs that the costs incurred to edit the video depositions for use at trial are taxable. *See*, Nelson v. Sprint/United Management Co., Civil Action No. 05-2350-KHV, 2007 WL 1651958, at *2 (D. Kan. 2007); *see also*, Karsian v. Inter-Regional Financial Group, Inc., 13 F.Supp.2d 1085, 1093 (D. Colo. 1998). The court finds the clerk's assessment of the costs, totaling $43,477.25, was proper.

### IV.

Accordingly, Defendants' Motion to Review Clerk of Court's Bill of Costs (doc. no. 493), filed December 3, 2020, is **DENIED**.

DATED this 12th day of January, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p108.docx