# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HETRONIC INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) )   Case No. CIV-14-650-F ) |
| HETRONIC GERMANY, GmbH, et al., | ) ) ) ) |
| Defendants. | ) |

## **ORDER**

      The court's permanent injunction, as originally entered, extends worldwide. Specifically, it applies "to the defendants and their activities both within and outside of the United States." Doc. no. 434, ECF p. 8. On appeal, the Tenth Circuit concluded the injunction's scope was "improperly broad." Doc. no. 500, ECF p. 48. Applying Emergency One, Inc. v. Am. Fire Eagle Engine Co., 332 F.3d 264, 269 (4th Cir. 2003), the appellate court stated: "Hetronic isn't entitled to injunctive relief in markets it hasn't actually penetrated." Doc. no. 500, ECF p. 49. Thus, the appellate court "narrow[ed] the injunction to the countries in which Hetronic currently markets or sells its products," and stated that "[t]o the extent those countries have changed since the district court entered the injunction, we remand for the court to modify the injunction in accordance with this opinion." Id. at ECF 50.

      According to plaintiff, there has been no change in the countries in which it markets or sells since the entry of the court's injunction. Doc. no. 504, ECF p. 3. It

represents that it markets and sells in all countries in the world, except for Iran, North Korea, and Syria. *Id*. Plaintiff has submitted a declaration of Timothy R. Glandon to verify the representation. Doc. no. 504-2. Plaintiff has no objection to the court modifying its injunction to apply worldwide except for the three named countries.

Defendants posit that plaintiff carries the burden of proof on its request for permanent injunction and the company cannot rely upon affidavits to satisfy its burden. Doc. no. 506, ECF pp. 2-3. It specifically objects to the use of Mr. Glandon's affidavit as hearsay under Rule 801, Fed. R. Evid., and further notes the affidavit is unreliable because Mr. Glandon does not list "Afghanistan, Burma, Cote′ d'Ivoire, Cuba, Eritrea, Guinea-Bissau, Haiti, Iraq, Kenya, Lebanon, Liberia, Lybia, Rwanda, Nigeria, and the Democratic Republic of Congo" as countries in which the company markets or sells, despite claiming it markets and sells in all countries other than Iran, North Korea and Syria. *Id*. at ECF p. 3, p. 4 & n. 1.

Upon review, the court agrees that it is plaintiff's burden to establish the countries in which it currently markets or sells its products. The record does not clearly indicate which countries those are. The court concludes that a factual dispute exists with respect to the countries in which plaintiff currently markets or sells, which necessities an evidentiary hearing. The hearing will be limited to addressing the factual dispute as to the countries in which plaintiff currently markets or sells its products.[1]

---

[1] The court anticipates (but certainly does not invite) a semantic dispute as to the meaning of "markets" in this context. The yet-to-be-entered scheduling order will require pre-hearing briefs. The court will require plaintiff's brief to be filed first, with a section devoted to plaintiff's position as to what it takes to "market" plaintiff's products in any given country. Then, if defendant takes issue with plaintiff's position, defendant can respond in its pre-hearing brief.

3

A telephonic scheduling conference to address matters such as (i) the need for discovery in preparation for the hearing, and (ii) the setting of a date for the hearing (as well as other deadlines) will be held on October 27, 2021, at 4:00 p.m.

DATED this 12th day of October, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p111 rev_.docx