IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HETRONIC INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-650-F |
| ) | |
| HETRONIC GERMANY GmbH ) | |
| HETRONIC INTERNATIONAL, INC., ) | |
| ABITRON GERMANY GmbH, ) | |
| ABITRON AUSTRIA GmbH, and ) | |
| ALBERT FUCHS, ) | |
| ) | |
| Defendants. ) | |

## AMENDED FINAL JUDGMENT

This action came for trial before the court and a jury, Stephen P. Friot, District Judge, presiding, on plaintiff's claims against defendants under the Lanham Act, 15 U.S.C. § 1051, et seq., and Oklahoma law, the court having previously granted partial summary judgment in plaintiff's favor on certain state law counterclaims of defendants, Hetronic Germany GmbH and Hydronic-Steuersysteme GmbH, and the same defendants having dismissed with prejudice the remaining state law counterclaims against plaintiff, and the issues having been duly tried as to plaintiff's federal and state law claims and the jury having duly rendered its verdict on plaintiff's claims and upon remand from defendants' appeal of the Lanham Act claims,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by the court as follows:

1. A jury trial was held in the above-captioned matter on February 13-28, 2020. On March 2, 2020, the jury returned a verdict for plaintiff, Hetronic International, Inc. ("Hetronic") and against defendants, Hetronic Germany GmbH ("HG"), Hydronic-Steuersysteme GmbH ("HCEE"), ABI Holding GmbH ("ABI"), Abitron Germany GmbH("ABIG"), Abitron Austria GmbH ("ABIA") and Albert Fuchs ("Fuchs") (and collectively, "defendants") on all claims, including an award of punitive damages. (Doc. nos. 420, 421.)

2. Consistent with the jury verdict, the FINAL JUDGMENT entered by the Court on May 29, 2020, as affirmed by the Tenth Circuit Court of Appeals, remains in full force and effect in favor of Hetronic and against defendants with respect to Hetronic's state law claims as follows:

a. $4,845,958 (Four million, eight hundred forty five thousand, nine hundred and fifty eight dollars) in actual damages against HG for HG's breach of the Distribution Agreement;

b. $1,596,821 (One million, five hundred ninety six thousand, eight hundred and twenty one dollars) in actual damages against HCEE for HCEE's breach of the Distribution Agreement;

c. $5,360,832 (Five million, three hundred sixty thousand, eight hundred and thirty two dollars) in actual damages against all defendants, jointly and severally, for (1) all defendants' unfair competition and conspiracy and (2) HG, HCEE, ABI and Fuchs tortious interference with contract and aiding and abetting breach of fiduciary duty, in each case having caused harmful events in the United States.

3. The FINAL JUDGMENT entered by the Court on May 29, 2020, as affirmed by the Tenth Circuit Court of Appeals, remains in full force and effect in favor of Hetronic and against Defendants for $10,721,664 (Ten million, seven hundred twenty one thousand, six hundred and sixty four dollars) in punitive damages for defendants' tortious actions in paragraph 2.c being intentional and with malice, specifically:

a. $8,221,664 (Eight million, two hundred twenty one thousand, six hundred and sixty four dollars) against Fuchs.

b. $1,000,000 (One million dollars) against ABI.

c. $1,000,000 (One million dollars) against ABIG.

d. $500,000 (Five hundred thousand dollars) against ABIA.

4. The FINAL JUDGMENT entered by the Court on May 29, 2020, as affirmed by the Tenth Circuit Court of Appeals, remains in full force and effect in favor of Hetronic and against defendants for pre-judgment interest, per 23 O.S. § 6

and 15 O.S. § 266, on the $5,360,832 in damages specified in paragraph 2.c above for Hetronic's state law tort claims. Interest from October 1, 2017 through April 30, 2020 is awarded in the total amount of $830,928.96. Additional pre-judgment interest is awarded at a rate of 6% from May 1, 2020 to the date that this Final Judgment is entered, which equals $878.82 per day.

5.   The FINAL JUDGMENT entered by the Court on May 29, 2020, as affirmed by the Tenth Circuit Court of Appeals, remains in full force and effect in favor of Hetronic and against HG and HCEE on HG and HCEE's counterclaims against Hetronic for breach of contract for failure to give technical assistance, intentional interference with business relations, business slander, and rescission.

6.   The FINAL JUDGMENT entered by the Court on May 29, 2020, as affirmed by the Tenth Circuit Court of Appeals, remains in full force and effect in favor of Hetronic and against defendants for post-judgment interest, awarded at a rate of 6.75% on each of the judgment amounts awarded at paragraphs 2.a, 2.b, 2.c, 3 and 4 above, from the day after this Final Judgment is entered until the judgment amount specified in the applicable subparagraph or paragraph is satisfied in full.

7.   With respect to Hetronic's Lanham Act claims and consistent with the evidence at trial and the guidance provided by the Tenth Circuit in its remand order, JUDGMENT is hereby entered in favor of Hetronic against defendants as follows:

a.  $243,338.07 against HG, ABI and Fuchs, jointly and severally, for HG's willful infringement of Hetronic's U.S. trademarks and trade dress. The court expressly finds and determines that this award, in this carefully considered amount, is necessary to properly compensate plaintiff Hetronic for the willful infringement of Hetronic's U.S. trademarks and trade dress.

b.  $18,504.37 against HG, HCEE, ABIG, ABI and Fuchs, jointly and severally, for ABIG's willful infringement of Hetronic's U.S. trademarks and trade dress. The court expressly finds and determines that this award, in this carefully considered amount, is necessary to properly compensate plaintiff Hetronic for the willful infringement of Hetronic's U.S. trademarks and trade dress.

c.  For the reasons stated in a memorandum filed on this date, the court declines to grant an enhanced disgorgement recovery under U.S. trademark law.

8.  Post-judgment interest is ORDERED and awarded at the rate provided by 28 U.S.C. § 1961(a) on the judgment amounts awarded at paragraphs 7.a and 7.b above, from the day after this Final Judgment is entered until the judgment specified in the applicable subparagraph is satisfied in full.

9.  It is further ORDERED that the Court's prior order holding that Hetronic shall recover its taxable costs, as provided by law, in the amount of $297,326.46 remains in full force and effect.

10. It is further ORDERED that this court's Amended Permanent Injunction Order, entered this date, granting the permanent injunctive relief and other relief applicable to defendants and their activities, remains in full force and effect and is not modified by this Final Judgment.

11. The court shall retain jurisdiction over the parties and subject matter of this civil action for the purpose of interpreting and enforcing this Final Judgment.

Dated this 5th day of August, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p127 SPF FINAL .docx