# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HETRONIC INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-14-650-F |
| ) | |
| HETRONIC GERMANY, GmbH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM RE:
## AMENDED PERMANENT INJUNCTION
## AND AMENDED FINAL JUDGMENT

The court has on this date entered an amended permanent injunction and an amended final judgment. This memorandum will provide brief explanations as to the court's reasoning with respect to the contested issues that were before the court with respect to those final grants of relief. References in this memorandum to Hetronic II are to Hetronic Int'l, Inc. v. Hetronic Germany GmbH, 99 F.4th 1150 (10th Cir. 2024), the Tenth Circuit's opinion on remand from the Supreme Court's decision in this case, Abitron Austria GmbH v. Hetronic Int'l, Inc., 600 U.S. 412 (2023).

As the parties are well aware, the decisions by the Supreme Court and the Tenth Circuit began and ended with the Lanham Act claims. The state law claims, and the substantial relief granted on them, remain untouched–other than being expressly affirmed, Hetronic II, at 1175–by appellate proceedings.

1. <u>The EUIPO decision</u>.  The decision of the Fourth Board of Appeal of the European Union Intellectual Property Office did not just address the NOVA mark.  The painstakingly detailed decision, carefully tracing years of complex transactions, included express findings with respect to "all of the intellectual property rights" (doc. no. 379-1, ¶ 13), elaborating that "the assets transferred with this Agreement also comprise all of the intellectual property."  *Id.* at ¶ 26.  In the final pretrial stage of this case, when the parties and the court dealt with the issues as to the effect of the then-very recent EUIPO decision, the issue was whether that decision had any legal import at all in this case (it did).  There was not then and is not now any issue as to the scope of the intellectual property rights the European court found had been transferred to Hetronic International.  To the extent that there was not an express *adjudication* beyond the NOVA mark, there was plainly a supporting *factual finding* to the effect that all of the intellectual property rights had been transferred.  Under settled principles of law, the court has no trouble echoing that finding in the Amended Permanent Injunction Order.

2. <u>Disgorgement of proceeds attributable to repair parts</u>.  For the reasons aptly stated on pp. 7–9 of defendants' brief, doc. no. 557, the court declines to enter judgment for disgorgement attributable to the proceeds of sales of repair parts.  It is too late in the day to reopen that aspect of the case, and the record (in terms of both admissions and actual evidence) is too skimpy to support reliable quantification of disgorgement attributable to repair parts.

3. <u>Trebling of disgorgement</u>.  The court declines to treble the dollar amount of the relief granted by way of disgorgement.  As an initial matter, the court is at pains to note that the defendants' infringing activity was about as brazen and willful as infringing activity can get.  Defendants' commercial piracy was not

timid, half-hearted or accidental. But because of an evidentiary whiff on the part of the defendants, the base amount of disgorgement represents gross revenues, not net profits. Without getting into the weeds as to what the relevant profit margins might have been, the court is satisfied that the final money judgment, as entered, provides fulsome relief, within the bounds established by the Supreme Court (and by the Tenth Circuit on remand), responsive to Hetronic's just claim for compensation and responsive also to the public's (as well as Hetronic's) interest in deterrence. In reaching this conclusion, the court is mindful that enhancement of a recovery under 15 U.S.C. § 1117(a) must still be bottomed on an objective of recompence, not punishment. That is the case with respect to paragraph 7 of the Amended Final Judgment. The court is well-satisfied that that objective of federal trademark law is attained by the relief the court grants today. As the Amended Final Judgment states, the sums awarded in paragraph 7 of that document are necessary to properly compensate plaintiff Hetronic for the willful infringement of Hetronic's U.S. trademarks and trade dress.

    4. <u>Return of information</u>. The Amended Permanent Injunction Order requires the defendants to "return to Plaintiff within twenty-one days of entry of this permanent injunction any and all of plaintiff Hetronic's internal, confidential or proprietary information including, but not limited to, price lists, supplier information, product drawings, technical information and schematics received from plaintiff Hetronic, and any materials containing any such Hetronic information that [Torsten] Rempe provided to defendants after he left plaintiff Hetronic." *Id.* at 7. This relief is an essential adjunct of the overall set of remedies to which Hetronic is entitled as a result of the defendants' brazen misconduct.

4

The court's firm expectation is that the defendants will search for, retrieve and turn over, root and branch, the information and materials they are required to return. If a serious question should arise as to the extent of defendants' compliance with this important component of the relief granted by the court, it will not take much for the court to authorize plaintiff to undertake (in aid of the enforcement provision of the injunction) discovery, including depositions, to ascertain the status of defendants' compliance.

Dated this 5th day of August, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0650p126 SPF FINAL .docx

4